UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASE NO. 21-00189 (CJN)

UNITED STATES OF AMERICA,
        Plaintiff,

v.

RICHARD HARRIS,

        Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND TWO OF THE INDICTMENT

Defendant Richard Harris, through undersigned counsel and pursuant to Fed. R. Crim. P. 12(b)(3)(B), moves this Court to dismiss Counts One and Two of the instant Indictment. These counts charge Mr. Harris with obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2) (Count Two); and assaulting, resisting, opposing, intimidating, impeding, or interfering with certain officers, in violation of 18 U.S.C. § 111(a)(1) (Count One). *See* D.E. 1.

### I. Factual Background

The general circumstances leading to Mr. Harris's pending charges are, at this point, widely known. He was among the people who attended a protest at the United States Capitol Building on January 6, 2021—the day that a joint session of Congress convened there to certify the vote count of the Electoral College. Mr. Harris was not, however, part of what this Court has described as the "violent mob," *see United States v. Miller*, __ F. Supp. 3d __, 2022 WL 823070, *2 (D.D.C. Mar. 7,

1

2022), that pushed through the front entrance to the building. Instead, after the initial breach and after former President Trump's speech to supporters, he walked in through an entrance where no violence occurred. Once inside, he made a faux phone call to House Speaker Nancy Pelosi and then-Vice President Mike Pence, and he took photos of himself beside statues of various former presidents inside the Capitol Rotunda. He did not engage in any violence, destroy any property, or threaten bodily harm to any law enforcement officer while inside the Capitol.

For his actions that day, Mr. Harris has been indicted on five charges—three of them misdemeanor offenses, and two of them felonies. Count One charges him with felony assault, alleging that he "forcibly assault[ed], resist[ed], oppos[ed], imped[ed], intimidate[ed], and interfere[ed] with" "an officer from the United States Capitol Police," with "the intent to commit another felony," in violation of 18 U.S.C. § 111(a)(1). Count Two charges him with "corruptly obstruct[ing], influenc[ing], and imped[ing] an official proceeding," in violation of 18 U.S.C. § 1512(c)(2) Count Three charges him with entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1). Count Four charges him with disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2). Count Five charges him with disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D). Mr. Harris moves here to dismiss the felonies charged in Counts One and Two.

**II. Legal Argument**

Count Two, which charges Mr. Harris with corruptly obstructing, influencing, and impeding an official proceeding, should be dismissed for both statutory and

2

constitutional reasons. First, the plain text of the statute does not cover Mr. Harris's conduct on January 6, 2021. Second, the statute is unconstitutionally vague because it fails to provide fair notice as to what conduct qualifies as "corrupt[ ]."

Count One, which charges Mr. Harris with the felony offense of assaulting, resisting, or impeding certain officers, should be dismissed because absent conduct establishing the § 1512 offense, the government will inevitably fail to prove (as it fails to allege) another felony that Mr. Harris intended to commit.

### A. Legal Standards

A criminal defendant may move to dismiss a charge based on a "defect in the indictment." Fed. R. Crim. P. 12(b)(3)(B). In reviewing such motions, courts are instructed to look solely to "whether the allegations in the indictment, if proven, permit a jury to conclude that the defendant committed the criminal offense as charged." *United States v. Akinyoyenu*, 199 F. Supp. 3d 106, 109 (D.D.C. 2016). Accordingly, courts "cabin[ ] [their] analysis to the face of the indictment and, more specifically, the language used to charge the crimes." *Id.* at 110 (internal quotation marks and citations omitted). "The defense of failure of an indictment to charge an offense includes the claim that the statute apparently creating the offense is unconstitutional." *United States v. Eshetu*, 863 F.3d 946, 962 (D.C. Cir. 2017), *vacated on other grounds*, 898 F.3d 36 (D.C. Cir. 2018).

As a general matter, penal statutes are to be construed strictly with any statutory ambiguities resolved in favor of the defendant. *See Arthur Andersen LLP v. U.S.*, 544 U.S. 696, 703 (2005) ("We have traditionally exercised restraint in

3

assessing the reach of a federal criminal statute, both out of deference to the prerogative of Congress, and out of concern that a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed") (internal quotation marks and citations omitted); *Wooden v. United States*, 142 S. Ct. 1063, 1082 (2022) ("the 'rule of lenity' is a new name for an old idea—the notion that 'penal laws should be construed strictly'") (citation omitted) (Gorsuch, J., concurring).  With respect to § 1512 specifically, the Supreme Court has made clear that "restraint is particularly appropriate," because often the "act underlying the conviction" is "by itself innocuous." *Arthur Andersen LLP*, 544 U.S. at 703.

Finally, a criminal indictment must be a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).  "[A]ll the material facts and circumstances embraced in the definition of the offence must be stated, or the indictment will be defective." *United States v. Hess*, 124 U.S. 483, 486 (1888).  Indictments that track the bare language of the statute are sufficient only when "accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Id*. at 487.

**B. The § 1512 Count should be dismissed on both statutory and constitutional grounds.**

In *United States v. Miller*, ___ F. Supp. 3d ___, 2022 WL 823070 (D.D.C. March 7, 2022),[1] this Court dismissed another January 6 defendant's § 1512(c)(2) count, on

---

[1] The government has appealed this decision to the D.C. Circuit Court of Appeals.

the theory that the statute as written did not cover the charged conduct. That decision (and this Court's subsequent Order on Motion for Reconsideration, *Miller*, No. 1:21-cr-00119-CJN, D.E. 86 (D.D.C. May 27, 2022)) controls the result here. There is likewise another basis for dismissing the offense charged in Count Two of Mr. Harris's indictment; § 1512(c)(2) is unconstitutionally vague.

> **i. Section 1512(c)(2)'s use of the word "otherwise" requires that conduct covered under that section be related to the types of items in (c)(1).**

Mr. Harris adopts the reasoning of this Court's decision in *United States v. Miller* and asks this Court to dismiss the § 1512 count on the theory that "§ 1512(c)(1) limits the scope of § 1512(c)(2)." 2022 WL 823070 at *15. Specifically, subsection (c)(2) "requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding." *Id*. Mr. Harris "is not alleged to have taken such action," and he therefore cannot be charged under subsection (c)(2). *Id*.

Indeed, Count Two only alleges that Mr. Harris "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, by entering and remaining in the United States Capitol without authority and committing an act of civil disorder, and threatening Congressional officials, and engaging in disorderly and disruptive conduct and destroying federal property."[2] D.E. 1 at 2. "Nothing in Count [Two] (or the Indictment more generally) alleges, let alone implies, that [Mr. Harris] took some action with respect to a document,

---

[2] Although the Indictment alleges destruction of federal property, it does not allege that any property was destroyed by Mr. Harris or anyone else "with the intent to impair the object's integrity or

5

record, or other object in order to corruptly obstruct, impede or influence Congress's certification of the electoral vote." *Miller*, 2022 WL 823070, at *15. Count Two should therefore be dismissed.

### ii.   Count Two should also be dismissed on vagueness grounds.

"Corruptly," as used in § 1512(c), is unconstitutionally vague, and "[i]n our constitutional order, a vague law is no law at all." *United States v. Davis*, 139 S. Ct. 2319, 2323 (2019). The Supreme Court has held that a law is impermissibly vague "if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits," or if it "authorizes or encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000). In this respect, the doctrine "prohibiting the enforcement of vague laws rests on the twin constitutional pillars of due process and separation of powers." *Davis*, 139 S. Ct. at 2325. *See also Sessions v. Dimaya*, 138 S. Ct. 1204, 1224 (2018) (the "void for vagueness doctrine, at least properly conceived, serves as a faithful expression of ancient due process and separation of powers principles the framers recognized as vital to ordered liberty under our Constitution").

These principles apply with full force to § 1512(c). As the statute is written, it is impossible to determine how an accused acts "corruptly"—a highly subjective and undefined term—in violation of the law. The void-for-vagueness doctrine requires "that a legislature establish minimal guidelines to govern law enforcement," *Smith v. Goguen*, 415 U.S. 566, 574 (1974), and such guidelines are sorely lacking from §

---

availability for use in an official proceeding." § 1512(c)(2). Moreover, nothing in discovery provided to date suggests that Mr. Harris destroyed any property that day.

6

1512(c)(2). Without these guidelines, § 1512(c)(2) provides for "a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections." *Id*.

Under the void-for-vagueness doctrine, the Supreme Court has held unconstitutional statutes containing vague and undefined statutory phrases such as "involves conduct that presents a serious potential risk of physical injury to another" and "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *See Johnson v. United States*, 576 U.S. 591 (2015); *Dimaya*, 138 S. Ct. 1204. The term "corruptly" suffers even greater constitutional deficiencies: It is not defined at all in the statute, vaguely or otherwise. The "indeterminacy of the wide-ranging inquiry" mandated by the statute's requirement that the acts described in subsections (c)(1) and (c)(2) be done corruptly—whatever that means—"both denies fair notice to defendants and invites arbitrary enforcement by judges," as well as by police and prosecutors. *Johnson*, 576 U.S. at 597. The word "corruptly" leaves "grave uncertainty" about what conduct is prohibited and "offers no reliable way" to determine the type of conduct that supports a conviction under § 1512(c). *See id*. at 597-98.

Consider, for example, the Black's Law Dictionary definition of the word "corruptly": "In a corrupt or depraved manner; by means of corruption or bribery." Black's Law Dictionary (10th ed. 2017). "Meanwhile, Merriam-Webster defines "corrupt," the adjective, as "morally degenerate and perverted" or "characterized by improper conduct (such as bribery or the selling of favors)." Merriam-Webster.com,

7

available at https://www.merriam-webster.com/dictionary/corrupt (last accessed June 21, 2022). These definitions fail to resolve the constitutional problems with the statute because "[v]ague terms do not suddenly become clear when they are defined by reference to other vague terms." *Cartwright v. Maynard*, 822 F.2d 1477, 1489 (10th Cir. 1987) (en banc), *aff'd* 486 U.S. 356 (1988). "Words like 'depraved,' 'evil,' 'immoral,' 'wicked,' and 'improper,' are no more specific—indeed they may be less specific—than 'corrupt.'" *United States v. Poindexter*, 951 F.2d 369, 379 (D.C. Cir. 1991). The dictionary definitions of the word "corruptly" thus provide no guidance as to where § 1512(c) draws the line between conduct (and/or mental state) that is prohibited under the statue; and conduct that may not be "inherently benign," *Arthur Andersen,* LLP, 554 U.S. at 704, but that nonetheless does not fall within the statute's proscription.

This is problematic because the word "corruptly" in § 1512(c) must be given meaning. *See, e.g., United States v. Butler*, 297 U.S. 1, 65 (1936) (per. Roberts, J.) ("These words cannot be meaningless, else they would not have been used."). The term "corruptly" did not appear in earlier versions of § 1512(c), *see Miller*, 2022 WL 823070, at *12-*13, and Congress's decision to later add it to the statute cannot be disregarded. Under the plain text of § 1512(c), it is not enough for a defendant to merely "alter[ ], destroy[ ], mutilate[ ], or conceal[ ] a record, document, or other object" or "otherwise obstruct[ ], influence[ ], or impede[ ] any official proceeding." § 1512(c)(1)-(2). Rather, a defendant must engage in the conduct described in one of those subsections *and* he must do so "corruptly." The word "corruptly," undefined in the statute, is sufficiently vague that it fails to put people, including Mr. Harris, on

fair notice of precisely what they must not do to avoid exposure to federal prosecution.

"Vague laws are objectionable because they vest so much discretion in the police that 'enforcement' decisions are, in effect, lawmaking." Kim Forde-Mazrui, *Ruling Out the Rule of Law*, 60 Vand. L. Rev. 1497, 1550 (2007). That is precisely the problem here: "on its face, the word 'corruptly' is vague; that is, in the absence of some narrowing gloss, people must guess at its meaning and differ as to its application." *Poindexter*, 951 F.2d at 379. There is no narrowing gloss that would cover Mr. Harris's conduct on January 6, 2021—and even if there were, "[w]hen Congress passes a vague law, the role of the courts under our Constitution is not to fashion a new, clearer law to take its place, but to treat the law as a nullity and invite Congress to try again." *Davis*, 139 S. Ct. at 2323.

The District of Columbia Circuit's decision in *United States v. Poindexter*, 951 F.2d 369, is instructive here. There, the court considered a similarly worded statute, 18 U.S.C. § 1505, which punished anyone "whoever corruptly, or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes or endeavors to influence, obstruct, or impede, the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States." *Id*. at 377. The Circuit Court held that "the term 'corruptly' is too vague to provide constitutionally adequate notice that it prohibits lying to the Congress," which is what Mr. Poindexter allegedly did. *Id*. at 379.

The term "corruptly," as used in § 1512(c)(2), "is too vague to provide

9

constitutionally adequate notice" of what it prohibits, and any potential narrowing interpretations of the word "corruptly" proposed by the Court in *Poindexter* are not properly applied under more recent Supreme Court precedent. Such precedent makes clear that vague laws should be held unconstitutional rather than redrafted by Article III courts. *See e.g. Davis*, 139 S. Ct. at 2323 (proper remedy is to treat law as a "nullity," not to rewrite it); *Johnson*, 576 U.S. at 502-03 ("our *holdings* squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp") (emphasis in original).

The district courts that have held that *Poindexter* doesn't apply to this statute—and accordingly that the statute is not unconstitutionally vague—have misapplied this precedent. The court in *United States v. McHugh*, for example, acknowledged that the word corruptly is "inherently imprecise, and it even bears some resemblance to words that the Supreme Court has previously struck down for requiring 'wholly subjective judgments without statutory definitions, narrowing context, or settled legal meanings.'" 2022 WL 296304, at *11 (quoting *United States v. Williams*, 553 U.S. 285, 306 (2008) (pointing to the words "annoying" and "indecent" as examples). The court in *McHugh* nonetheless concluded that "corruptly" must instead mean "consciousness of wrongdoing," and in so doing relied on the Supreme Court's decision in *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005). There are two problems with this reasoning.

First, the Court in *Arthur Andersen* did not consider a vagueness challenge; it therefore never addressed the question of whether "corruptly" is unconstitutionally

10

vague. Second, and more importantly, the Supreme Court in *Arthur Andersen* primarily held that the Fifth Circuit's decision that "the jury need not find any consciousness of wrongdoing" in order to convict a defendant of violating § 1512(b)(2) was reversible error. *Id.* at 702. That decision prescribes a *mens rea* requirement—indeed, a more exacting requirement than that previously applied by the Fifth Circuit. *Id.* at 705-06. It does not control the vagueness challenge to a similar provision of the statute. This is particularly true because § 1512(b)(2), the statutory subsection the Court considered in *Arthur Andersen*, used the phrase "knowingly corruptly." The Court considered that phrase as a whole to determine the applicable *mens rea* requirement. *See id.* Section 1512(c), however, does not use that phrase. It simply says "**Whoever corruptly** [ ]alters, destroys mutilates or conceals a record . . . or, [ ]otherwise obstructs, influents, or impedes any official proceeding" is subject to punishment under the statute. § 1512(c)(1)-(2) (emphasis added). There is therefore no way to determine whether "corruptly" refers to the *mens rea* or *actus reus*, further highlighting the vagueness of this provision.

The district courts that have rejected vagueness challenges to this statute on the theory that "much has transpired in the four decades that have passed since *Poindexter*," *see e.g. United States v. Puma*, 2022 WL 823079, *10 (D.D.C. March 19, 2022), have disregarded the fact that much has transpired in the void-for-vagueness context as well. *See, e.g., United States v. Sandlin*, 2021 WL 5865006, *11 (D.D.C. Dec. 10, 2021) (relying on a 1997 Supreme Court case in applying the void-for-vagueness doctrine). More recent Supreme Court precedent has expanded and clarified the void-for-vagueness doctrine. *See, e.g., Johnson,* 576 U.S. 591; *Dimaya,*

11

138 S. Ct. 1204; *Davis,* 139 S. Ct. 2319; *Williams*, 553 U.S. 285.  And those decisions instruct that when a law is vague, courts are not to graft their own meaning onto it, but rather must invite Congress to amend the law and better explain precisely what conduct it was attempting to regulate.  Mr. Harris therefore asks this Court to treat § 1512(c)(2) as a "nullity," dismiss Count Two of the Indictment, and "invite Congress to try again."  *Davis*, 139 S.Ct. at 2323.  Section 1512(c), as written, "fails to provide a person of ordinary intelligence fair notice of what is prohibited" and is "so standardless that it authorizes or encourages seriously discriminatory enforcement."  *Williams*, 553 U.S. at 304.

The Supreme Court has "stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there."  *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992).  The courts' role is "to apply, not amend, the work of the People's representatives," *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1726 (2017), and Mr. Harris asks this Court to do so here.

### C. Count One should be dismissed because without Count Two, there is no predicate felony offense.

Mr. Harris is charged in Count One of the Indictment with assaulting, resisting, or impeding certain officers, in violation of 18 U.S.C. § 111(a)(1).  Section 111 creates "three separate offenses: (1) simple assault; (2) more serious assaults but not involving a dangerous weapon; and (3) assault with a dangerous weapon." *Sophin v. United States*, 153 F. Supp. 3d 956, 962 (W.D. Tex. 2015) (internal quotation marks and citations omitted).  "[S]imple assault is a misdemeanor offense

12

under § 111(a)," and "the other two forms of assault are felonies under the statute." *Id*.

The government in this case chose to pursue a felony charge, under the second category of "more serious assaults but not involving a dangerous weapon." The Indictment in Count One alleges that Mr. Harris "forcibly assault[ed], resist[ed], oppose[d], impede[d], intimidate[d], and interfere[d] with" an "officer from the United States Capitol Police, while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve the intent to commit another felony." D.E. 1 at 1. If Count Two is dismissed, the Indictment fails to allege with even the merest of specificity "another felony" that Mr. Harris intended to commit. There is no felony, other than § 1512(c)(2), referenced, described, or cited in the Indictment. The Indictment is therefore deficient.

"If a statute makes it a crime to engage in certain conduct 'contrary to law,' it is not enough to simply cite that statute and recite in the pleading that the act was contrary to law—the pleading must show what other law was violated either by citation to the other statute or by sufficient factual allegations." Charles Alan Wright, et. al., 1 Fed. Prac. & Proc. Crim § 124 (4th ed. 2014). "Where the definition of an offence, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species,—it must descend to particulars.'" *Russell v. United States*, 369 U.S. 749, 765 (1962) (quoting *United States v. Cruikshank*, 92 U.S. 542, 558 (1875)). "Undoubtedly, the language of the

13

statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id*.

The Indictment fails to allege "another felony" that Mr. Harris intended to violate. It therefore is constitutionally insufficient, because "[t]he D.C. Circuit has long held that an indictment that is drawn in the generic words of a statute and that fails entirely to describe in any meaningful way the acts of the defendant that constitute the offenses charged is insufficient to notify a defendant of the nature of the accusations against him." *United States v. Hillie*, 227 F. Supp. 3d 57, 73 (D.D.C. 2017) (Jackson, J.). Count One should therefore be dismissed.

### III.   Conclusion

Count Two of the Indictment, charging Mr. Harris with violating 18 U.S.C. § 1512(c)(2), should be dismissed because the plain text of the statute does not cover his conduct and because the statute is unconstitutionally vague. Count One of the Indictment, charging Mr. Harris with violating 18 U.S.C. § 111(a)(1), should be dismissed because the Indictment fails to allege "another felony" that Mr. Harris intended to violate.

WHEREFORE Defendant Richard Harris asks this Court to dismiss Counts One and Two of the Indictment.

                              Respectfully submitted,

                              MICHAEL CARUSO
                              FEDERAL PUBLIC DEFENDER

BY:    s/ *Eric M. Cohen*
                              Eric M. Cohen
                              Assistant Federal Public Defender
                              Florida Bar No. 328065
                              150 West Flagler Street, Suite 1700
                              Miami, Florida 33130-1556
                              Tel:   305-530-7000/Fax:   305-536-4559
                              E-Mail Address: Eric_Cohen@fd.org

                              *s/Kristy Militello*
                              Kristy Militello
                              Assistant Federal Public Defender
                              Attorney for Defendant
                              Florida Bar No. 0056366
                              450 South Australian Avenue
                              Suite 500
                              West Palm Beach, Florida  33401
                              Tel: 561-833-6288
                              Email: Kristy_Militello@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on **June 24, 2022**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/*Eric M. Cohen*
Eric M. Cohen