UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CRIM. NO. 21-00189 (CJN)

UNITED STATES OF AMERICA,
        Plaintiff,

v.

RICHARD L. HARRIS,
        Defendant.
_____/

## DEFENDANT'S UNOPPOSED MOTION TO MODIFY PRETRIAL RELEASE

The Defendant, Richard Harris, through undersigned counsel, moves this Court to modify his conditions of pretrial release to: 1) replace his current curfew with "Stand Alone Monitoring"; and 2) allow him to travel to Clark County, Washington to visit his fiancée, Holly Ramsby, and states that:

On May 19, 2021, this Court ordered *ore tenus* that the Defendant be released from custody pending resolution of the instant charges. To ensure Mr. Harris's appearance at all future proceedings, the Court imposed several conditions of release, including GPS monitoring, an employment condition, home detention, and that his father, Fred Harris, pledge his property as security. Because of administrative issues necessary to secure the property, the defense moved to modify the property condition, and on June 2, 2021, the Court released Mr. Harris to his father as a third party custodian. DE 15, 17. The Court subsequently agreed to replace home detention with a curfew.

Since his release, Mr. Harris has abided by all orders of the Court and the instructions of the District of Oregon's pretrial services' office. Mr. Harris is living

with his father, wearing a GPS monitor, and is gainfully employed, working night shifts. He has also become engaged to a woman who lives in Clark County, Washington, which borders on the county in which Mr. Harris resides in Oregon. With the progression in their relationship, Mr. Harris would understandably welcome an opportunity to visit with her at her home. The requested relief would allow him to do so.

United States Pretrial Services Officer Nick Nischik, District of Oregon, does not object to this motion. Mr. Nischik has advised that the "natural progression" from a curfew is "Stand Alone Monitoring" during which Mr. Harris would continue to wear a GPS monitor. He would also be required to sleep nightly at his father's home. But he would not be subject to a curfew, although his home visits might be more structured to ensure compliance.

Assistant United States Attorney Jason Manning has represented to undersigned counsel that the government similarly does not object based on the United States Probation Office's position.

WHEREFORE, the Defendant requests that the Court modify Mr. Harris's pretrial release to eliminate his current curfew, subject him to "Stand Alone Monitoring", and allow him to travel to Clark County, Washington.

Respectfully submitted,

MICHAEL CARUSO
Federal Public Defender

| | |
|---|---|
| s/ Eric Cohen | s/Kristy Militello |
| Eric Cohen | Kristy Militello |
| Assistant Federal Public Defender | Assistant Federal Public Defender |
| Attorney for Defendant | Attorney for Defendant |
| Florida Bar No. 328065 | Florida Bar No. 0056366 |
| 150 West Flagler Street | 450 South Australian Avenue |
| Suite 1700 | Suite 500 |
| Miami, Florida 33130-1566 | West Palm Beach, Florida 33401 |
| Tel: 305-530-7000 | Tel: 561-833-6288 |
| Email: Eric_Cohen@fd.org | Email: Kristy_Militello@fd.org |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 27, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day of all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Eric M. Cohen
Eric Cohen