**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **Case No.:  1:21-CR-00189-CJN** |
| **RICHARD HARRIS,** | : | |
| | : | |
| **Defendant.** | : | |

**OPPOSITION TO DEFENDANT HARRIS' RENEWED MOTION TO DISMISS**
**COUNTS ONE AND THREE OF THE SUPERSEDING INDICTMENT**

**I.      Introduction**

Defendant Richard Harris brings three arguments in his Motion to Dismiss, all of which should be denied.  First, purportedly relying on the D.C. Circuit's recent decision in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. Apr. 7, 2023), Harris has moved to dismiss Count One of the Superseding Indictment charging him with obstructing an official proceeding under 18 U.S.C. § 1512(c)(2) (Motion to Dismiss Count One (ECF No. 49)).  *Fischer*—a case in which the government successfully challenged the dismissal of § 1512(c)(2) charges at the pleading stage— in no way suggests that dismissal of Court One is warranted here.  Second, Harris argues that Count One should be dismissed because § 1512(c)(2) is unconstitutionally vague, "both facially and as applied to Mr. Harris."  Mot. at 1.  Finally, Harris argues that if the Court agrees with his arguments and dismisses Count One, the Court should also dismiss Count Three, charging Harris with violating 18 U.S.C. § 111(a)(1), because § 231(a)(3) is not a valid predicate offense for a § 111(a)(1) charge.

For the reasons discussed below, Harris' motion to dismiss should be denied.

1

## I.      Factual Background

*General Facts*

At 1:00 p.m., on January 6, 2021, a Joint Session of the United States Congress convened in the United States Capitol Building.  The Joint Session assembled to debate and certify the vote of the Electoral College of the 2020 Presidential Election.  With the Joint Session underway and with Vice President Mike Pence presiding, a large crowd gathered outside the U.S. Capitol.  As early as 12:50 p.m., individuals in the crowd forced their way through, up, and over erected barricades.  The crowd, having breached police officer lines, advanced to the exterior façade of the building.  Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the building.  At approximately 2:20 p.m., members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to – and did – evacuate the chambers.

*Facts Specific to Defendant Harris*

Harris is charged in a seven-count indictment for offenses committed at the U.S. Capitol Building on January 6, 2021.  Prior to entering the Capitol, Harris took a selfie video in which he boasted that police "tear gassed us, front fucking line baby, we're storming the Capitol."  True to his word, Harris then entered the U.S. Capitol Building through the northwest Senate Wing door at approximately 2:14 p.m., only a couple minutes after the initial rioter entered the building.  U.S. Capitol Police video surveillance and open-source video from inside the building show Harris menacing Capitol Police officers from the front of a large crowd, resulting in the officers moving aside so that Harris and the crowd could continue into the building.  Harris then marched to the Rotunda, where he picked up a landline in the area and threatened, "Can I speak to Pelosi? We're

coming, bitch. Oh, Mike Pence? We're coming for you, too, you fucking traitor." Later, while still in the Rotunda, body-worn camera footage shows Harris engaged in an altercation with an Metropolitan Police Department officer, grabbing the officer's baton and pulling it. Harris stayed in the Rotunda until he was forced out by officers at around 3:36 p.m., an hour and twenty-two minutes after entering the building.

## II.    Procedural Background

On March 5, 2021, Harris was charged by indictment with various crimes arising from his participation in the January 6, 2021, attack on the United States Capitol. ECF No. 1. On March 18, 2021, Harris was arrested in the Southern District of Florida. On August 3, 2022, Harris was charged in a superseding indictment with seven counts related to his participation in the January 6, 2021, attack on the United States Capitol. Relevant here, Count One of the Superseding Indictment charges:

> On or about January 6, 2021, within the District of Columbia and elsewhere, **RICHARD L. HARRIS** attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and Title 3, United States Code, Sections 15-18.
>
> (**Obstruction of an Official Proceeding and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1512(c)(2) and 2)

Superseding Indictment, ECF No. 35. at 1-2. Count Three of the Superseding Indictment charges:

> On or about January 6, 2021, within the District of Columbia, **RICHARD L. HARRIS**, did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony, to wit, a violation of Title 18, United States Code, Section 1512(c)(2) and (2) and a violation of Title 18, United States Code, Section 231(a)(3).

(**Assaulting, Resisting, or Impeding Certain Officers**, in violation of Title 18, United States Codes, Section 111(a)(1))

*Id*. at 2.  Harris is also charged in the Superseding Indictment with violating 18 U.S.C § 231(a)(3) (Civil Disorder), 18 U.S.C § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds), 18 U.S.C § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds); and 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building), and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building). *Id*. at 2-4.

### III.   Argument

#### a.  The Superseding Indictment sufficiently alleges a violation of § 1512(c)(2), and the government's evidence of Harris' corrupt intent is immaterial at the motion to dismiss stage.

Harris moves to dismiss two counts in the Superseding Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), which allows a defendant to move to dismiss based on a "defect in the indictment," such as "lack of specificity" or "failure to state an offense."  Fed. R. Civ. P. 12(b)(3)(B)(iii), (v); Mot. at 1.  Harris fails to specify which romanette he relies on in bringing his motion to dismiss, but under any provisions, Harris' motion must fail.  Harris' motion to dismiss Count One should be denied because the Superseding Indictment sufficiently alleges a violation of § 1512(c)(2), as the D.C. Circuit's recent opinion in *Fischer* confirms.  Additionally, Harris' motion to dismiss Count One should be denied because the government's evidence of his corrupt intent at the U.S. Capitol on January 6, 2021 is immaterial at the motion to dismiss stage.

An indictment's "main purpose is 'to inform the defendant of the nature of the accusation against him.'" *United States v. Hitt*, 249 F.3d 1010, 1016 (D.C. Cir. 2001) (quoting *Russell v. United States*, 369 U.S. 749, 767 (1962)).  Thus, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future

prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).  Given these limited requirements, it is "generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'"  *Id.*  (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)).

The grand jury charged Harris in Count One of the superseding indictment with violating § 1512(c)(2), which makes it a crime to "corruptly . . . obstruct[ ], influence[ ], or impede[ ] any official proceeding, or attempt[ ] to do so[.]" The term "official proceeding" means, among other things, "a proceeding before the Congress[.]"  18 U.S.C. § 1515(a)(1)(B).  Tracking this statutory language, the Superseding Indictment provides:

> On or about January 6, 2021, within the District of Columbia and elsewhere, **RICHARD L. HARRIS** attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and Title 3, United States Code, Sections 15-18.

Superseding Indictment, ECF No. 35. at 1-2.  This charge properly (1) contained the elements of the offense, (2) fairly informed Harris of the charge against which he was required to defend, and (3) provided sufficient information to protect him from future prosecutions for the same offense. Nothing more was required.  *See, e.g., United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) ("[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.' . . . Rather, to be sufficient, an indictment need only inform the defendant of the precise offense of which he is accused so that he may prepare his defense and plead double jeopardy in any further prosecution for the same offense.") (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)).

Even though the Superseding Indictment sufficiently alleges a violation of § 1512(c)(2), Harris argues that § 1512(c) should be dismissed because the "statute does not cover [his] conduct on January 6, 2021" and because his conduct was not done sufficiently 'corruptly' to be within the reach of § 1512(c)(2)."  Mot. at 2, 4.  This sufficiency-of-the-evidence argument is irrelevant at this stage of the proceedings.

An indictment is sufficient under the Constitution and Rule 7 of the Federal Rules of Criminal Procedure if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," *Hamling*, 418 U.S. at 117, which may be accomplished, as it is here, by "echo[ing] the operative statutory text while also specifying the time and place of the offense."  *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). "[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.'"  *Verrusio*, 762 F.3d at 13 (quoting *Debrow*, 346 U.S. at 378).  And an indictment need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed."  *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976).

Federal Rule of Criminal Procedure 12 permits a party to raise in a pretrial motion "any defense, objection, or request that the court can determine *without a trial on the merits*."  Fed. R. Crim. P. 12(b)(1) (emphasis added).  It follows that Rule 12 "does not explicitly authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds" unless the government "has made a full proffer of evidence" or the parties have agreed to a "stipulated record," *United States v. Yakou*, 428 F.3d 241, 246-47 (D.C. Cir. 2005) (emphasis added).  Indeed, "[i]f contested facts surrounding the commission of the offense would be of any assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial."  *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.).

Criminal cases have no mechanism equivalent to the civil rule for summary judgment. *United States v. Bailey*, 444 U.S. 394, 413, n.9 (1980) (motions for summary judgment are creatures of civil, not criminal trials); *Yakou*, 428 F.3d at 246-47 ("There is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context"); *United States v. Oseguera Gonzalez*, No. 20-cr-40-BAH at *5, 2020 WL 6342940 (D.D.C. Oct. 29, 2020) (collecting cases explaining that there is no summary judgment procedure in criminal cases or one that permits pretrial determination of the sufficiency of the evidence).  Accordingly, dismissal of a charge does not depend on forecasts of what the government can prove.  Instead, a criminal defendant may move for dismissal based on a defect in the indictment, such as a failure to state an offense.  *United States v. Knowles*, 197 F. Supp. 3d 143, 148 (D.D.C. 2016).  "In deciding a motion to dismiss an indictment, the question before the Court is a narrow one, and the court will neither review the sufficiency of the evidence against the defendant nor craft jury instructions on the elements of the crimes charged." *United States v. McHugh*, 583 F. Supp. 3d 1, 10 (D.D.C. 2022) (cleaned up).

Harris' argument runs afoul of these basic precepts. He makes arguments about the facts he believes the government can prove, asserting that Count One should be dismissed because Harris "had no physical encounter with police, did not come prepared for battle, and did not engage in physical violence or use physical force either in or outside the Capitol."  Mot. at 4-5.  Harris further argues that "he did not 'assault' any officer.'"  Mot. at 6.  And despite the fact that he is alleged to have trespassed into the Capitol and engaged in disorderly and disruptive conduct inside—thus violating several different federal statutes—Harris claims that his actions were not "independently unlawful." But whether Harris acted with corrupt intent and engaged in independently unlawful acts is a factual question for the jury to resolve.  Thus, as Harris' motion

to dismiss makes clear, this is not a case "where the material facts are undisputed[.]" *Yakou*, 428 F.3d at 247.  Nor has the government "made a full proffer of evidence" or agreed to "a stipulated record." *Id.*

So the narrow question before the Court remains whether the indictment sufficiently alleges a violation of § 1512(c)(2), and, in answering this question, it should "neither review the sufficiency of the evidence against the defendant nor craft jury instructions on the elements of the crimes charged." *McHugh*, 583 F. Supp. 3d at 10.  "The indictment here uses language tracking the statute and alleges that [Harris] 'attempted to, and did, corruptly obstruct, influence, and impede an official proceeding.' . . . That is sufficient." *United States v. Munchel*, No. 1:21-CR-118-RCL, 2023 U.S. Dist. LEXIS 67141, at *15 (D.D.C. April 18, 2023).[1]

### b.   Harris' other arguments are meritless.

Harris advances two additional arguments in support of his motion to dismiss.  First, Harris argues that § 1512(c)(2) is unconstitutionally vague and facially vague as applied to him.  Mot. at 6-16.  Second, Harris argues that if the Court dismisses Count One of the Superseding Indictment, it should dismiss Count Three, as well, "because the only other felony charged in the Superseding

---

[1] Insofar as Harris argues that *Fischer* requires a defendant to have used physical force or engaged in physical violence to violate Section 1512(c)(2), that decision said no such thing.  Although the defendants in *Fischer* were alleged to have engaged in assaults on law enforcement officers, the D.C. Circuit held that § 1512(c)(2) applies more broadly to "*all* forms of obstructive conduct[.]" 64 F.4th at 335 (emphasis added).  The Court explained that "the meaning of the statute is unambiguous. . . . Under the most natural reading of the statute, § 1512(c)(2) applies *to all forms of corrupt obstruction of an official proceeding*, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at 336 (emphasis added).  The Court concluded that "[this] broad interpretation of the statute — encompassing all forms of obstructive acts — is unambiguous and natural, as confirmed by the 'ordinary, contemporary, common meaning' of the provision's text and structure." *Id.* at 337 (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)).  It is impossible to read the D.C. Circuit's repeated references to § 1512(c)(2)'s prohibition on "all forms" of obstructive acts as somehow limiting the statute's scope to obstructive acts involving force or violence.

Indictment—civil disorder in violation of 18 U.S.C. 231(a)(3) (Count Two)—is not a valid predicate offense for a § 111(a)(1) conviction." Mot. at 1, 16-20.  These arguments are meritless.

       i.  **Section 1512(c)(2) is not unconstitutionally vague.**

An outgrowth of the Due Process Clause, the "void for vagueness" doctrine prevents the enforcement of a criminal statute that is "so vague that it fails to give ordinary people fair notice of the conduct it punishes" or is "so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015).  To ensure fair notice, "'[g]enerally, a legislature need do nothing more than enact and publish the law and afford the citizenry a reasonable opportunity to familiarize itself with its terms and to comply.'"  *United States v. Bronstein*, 849 F.3d 1101, 1107 (D.C. Cir. 2017) (quoting *Texaco, Inc. v. Short*, 454 U.S. 516, 532 (1982)).  To avoid arbitrary enforcement, the law must not "vest[] virtually complete discretion" in the government "to determine whether the suspect has [violated] the statute."  *Kolender v. Lawson*, 461 U.S. 352, 358 (1983).

A statute is not unconstitutionally vague simply because its applicability is unclear at the margins, *United States v. Williams*, 553 U.S. 285, 306 (2008), or because a reasonable jurist might disagree on where to draw the line between lawful and unlawful conduct in particular circumstances, *Skilling v. United States*, 561 U.S. 358, 403 (2010).  "'Even trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what some statutes may compel or forbid.'"  *Bronstein*, 849 F.3d at 1107 (quoting *Rose v. Locke*, 423 U.S. 48, 50 (1975) (per curiam)).  A provision is impermissibly vague only if it requires proof of an "incriminating fact" that is so indeterminate as to invite arbitrary and "wholly subjective" application.  *Williams*, 553 U.S. at 306; *see Smith v. Goguen*, 415 U.S. 566, 578 (1974).  The "touchstone" of vagueness analysis "is whether the statute, either standing alone

or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *United States v. Lanier*, 520 U.S. 259, 267 (1997).

Harris cannot not overcome the "strong presumpti[on]" that § 1512(c)(2) is constitutional. *See United States v. Nat'l Dairy Products Corp.*, 372 U.S. 29, 32 (1963).  Section 1512(c)(2) does not tie criminal culpability to "wholly subjective" terms such as "annoying" or "indecent" that are bereft of "narrowing context" or "settled legal meanings," *Williams*, 553 U.S. at 306, nor does it require application of a legal standard to an "idealized ordinary case of the crime," *Johnson*, 576 U.S. at 604.  Contrary to Harris' arguments, Mot. at 8-10, Section 1512(c)(2)'s prohibition on "corruptly … obstruct[ing], influenc[ing], or imped[ing]" an "official proceeding" gives rise to "no such indeterminacy." *Williams*, 553 U.S. at 306.  The statute requires that a defendant, acting with consciousness of wrongdoing and intent to obstruct, attempts to or does undermine or interfere with a statutorily defined official proceeding.  While "it may be difficult in some cases to determine whether these clear requirements have been met," "courts and juries every day pass upon knowledge, belief and intent – the state of men's minds – having before them no more than evidence of their words and conduct, from which, in ordinary human experience, mental condition may be inferred." *Id.* (quoting *American Communications Ass'n, CIO v. Douds*, 339 U.S. 382, 411 (1950)).

Indeed, the D.C. Circuit in *Fischer* repeatedly found that, rather than being vague, the § 1512(c)(2) *actus reus* requirement is "unambiguous[.]"  *See Fischer*, 64 F.4th at 336 ("In our view, the meaning of the statute is unambiguous."); *id.* at 337 ("the broad interpretation of the statute — encompassing all forms of obstructive acts — is unambiguous and natural"); *id.* at 343 ("we find the language of the statute unambiguous"); *id.* at 350 ("the language of § 1512(c)(2) is clear and unambiguous").  The Court thus rejected the defendants' reliance on the rule of lenity.

*Id.* Consistent with *Fischer*, every judge in this District to have addressed the issue has concluded that § 1512(c)(2) is not unconstitutionally vague. *See United States v. Gossjankowski*, No. 21-0123 (PLF), 2023 WL 130817, at *9 (D.D.C. Jan. 9, 2023) ("Finally, as this Court and other judges in this district have concluded, Section 1512(c)(2) is not unconstitutionally vague on its face."); *United States v. Bingert*, 605 F. Supp. 3d 111, 123 (D.D.C. 2022) ("The district courts have uniformly held that the certification of the Electoral College was an official proceeding and that the term 'corruptly' is not unconstitutionally vague.").

Harris argues that the word "corruptly" is inherently too vague to provide adequate notice of what it prohibits, *see* Mot. at 9 ("A person of ordinary intelligence has no way to know when he engages in conduct 'corruptly' and, therefore has no way to determine when his actions or mental state cross the line from legal to illegal."). But by this logic, all of the "around 50 other references to 'corruptly' in Title 18 of the U.S. Code," *Fischer*, 64 F.4th at 341, should be deemed unconstitutional, an untenable result.

Harris also seems to suggest that, because of "the competing interpretations of the statute advanced by the three separate *Fischer* opinions," Mot. at 9, that term is somehow unconstitutionally vague in § 1512(c). But that is not the test. As the Supreme Court explained in *Skilling*, a law is not unconstitutionally vague simply because "the Courts of Appeals have divided on how best to interpret the statute." 561 U.S. at 403. Indeed, a statute "is not rendered unconstitutionally vague because it 'do[es] not mean the same thing to all people, all the time, everywhere.'" *Bronstein*, 849 F.3d at 1107 (quoting *Roth v. United States*, 354 U.S. 476, 491 (1957)). The concern is not "vagueness in the sense that the [statute] 'requires a person to conform his conduct to an imprecise but comprehensible normative standard,' whose satisfaction may vary depending upon whom you ask." *Id.* (quoting *Coates v. Cincinnati*, 402 U.S. 611, 614 (1971)).

"Rather, a statute is unconstitutionally vague if, applying the rules for interpreting legal texts, its meaning 'specifie[s]' 'no standard of conduct . . . at all.'" *Id.* (quoting *Coates*, 402 U.S. at 614).

As previously discussed, by its plain terms, § 1512(c)(2) requires that a defendant, acting with consciousness of wrongdoing and intent to obstruct, attempts to or does undermine or interfere with a statutorily defined official proceeding.  As every court to have addressed the issue has concluded, this is not an unconstitutionally vague requirement, and, thus, Harris' vagueness challenge should be rejected.

### ii.  The Court should not dismiss Count Three, charging Harris with violating 18 U.S.C. § 111(a)(1).

Finally, Harris' argument that Count Three, charging him with violating 18 U.S.C. § 111(a)(1), should be dismissed is flawed.

The Superseding Indictment charges Harris with aggravated assault, a felony, because Harris intended "to commit another felony, to wit, a violation of Title 18, United States Code, Section 1512(c)(2) and (2) and a violation of Title 18, United States Code, Section 231(a)(3)." ECF 35 at 2.  If Count One, charging Harris with violating 18 U.S.C. § 1512(c)(2), is dismissed, the felony § 111(a)(1) charge will be predicated solely upon the § 231(a)(3) charge.  And, according to Harris, because the § 231(a)(3) charge is based on the same facts as the § 111(a)(1) charge, § 231(a)(3) is not an appropriate predicate offense.  This argument fails for multiple reasons.

First, the Court need not reach this issue, because Count One should not be dismissed.  As discussed above, the Superseding Indictment sufficiently alleges a violation of § 1512(c)(2); the United States' evidence of Harris' corrupt intent is not relevant at the motion to dismiss stage; and the statute is not unconstitutionally vague.

Second, arguments regarding the sufficiency of the evidence are irrelevant at this stage of the proceedings. Count Three of the Superseding Indictment "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," *Hamling*, 418 U.S. at 117. In other words, the Superseding Indictment sufficiently alleges a felony violation of 18 U.S.C. § 111(a)(1). Indeed, that would be true even if Harris's improper-predicate argument were correct (which it is not). Count Three alleges that Harris violated § 111(a)(1) by making "physical contact" with law enforcement officers, *see* Superseding Indictment, ECF No. 35. at 2, which is a felony violation of § 111(a)(1) regardless of Harris's intent to commit another crime. *See* 18 U.S.C. § 111(a)(1) (providing that "where such acts involve physical contact with the victim of that assault" the defendant shall "be fined under this title or imprisoned not more than 8 years, or both").

Finally, a Section 231(a)(3) charge may serve as the "other felony" to satisfy the element of the charged § 111(a). This Court has considered the similar issue of whether to apply the base assault sentencing guidelines, U.S.S.G. § 2A2.4, or the aggravated assault guidelines, U.S.S.G. § 2A2.2, to a January 6-related defendant convicted of violating § 111(a). For example, in *United States v. McCaughey, et al.*, No. 21-cr-40-TNM, Judge McFadden explicitly found that all three of the defendants were guilty of felony violations of § 111(a) because they committed their violations with the intent to commit civil disorder in violation of § 231(a)(3). *McCaughey* Sentencing Transcript at 28-29, 36. In *United States v. Miller*, 1:21-cr-119-CJN, Judge Nichols accepted a guilty plea to a § 111(a) violation where the legal and factual basis explicitly relied on the defendant intending to commit the § 111(a) violation to further a violation of § 231(a)(3) as the "other felony." Similarly, Judge Mehta instructed the trial jury in *United States. v. Schwartz*, 1:21-cr-178-APM, that the separately charged violation of § 231(a)(3) could serve as the "other

13

felony" to satisfy the element of the charged § 111(a) violation.  Judge Friedrich and Judge Hogan reached the same holding in *United States v. Creek*, 1:21-cr-645, and *United States v. Sargent*, 1:21-cr-258-TFH, respectively, both over the defendants' objections.  And, finally, in *United States v. Leffingwell*, 1:21-cr-5-ABJ, the Court agreed with the government's position that the defendant committed the § 111(a) violation in furtherance of a violation of § 231(a)(3), holding that "the aggravated assault guideline can technically apply, as a matter of law" to a § 111(a) conviction based on the theory that the assault was committed in furtherance of a violation of § 231(a)(3).  *Leffingwell* Sentencing Transcript at 15:18-22.[2]

At least three other judges in this District—Judges Lamberth, Chutkhan, and Bates, applied the guidelines in the same way in cases where the question was not disputed.  *See United States v. Duke Wilson*, 21-cr-345 (RCL); *United States v. Devlyn Thompson*, 21-cr-461 (RCL); *United States v. Robert Palmer*, 21-cr-328 (TSC); *United States v. Languerand*, 21-cr353 (JDB); *United States v. Fairlamb*, 21-cr-120 (RCL).

Finally, outside of the January 6 context, it is not uncommon for the § 111(a) act and the "other felony" to arise from the same conduct.  *See, e.g., United States v. Wright*, 2019 WL 177469 (D. Nev. Jan. 11, 2019) (defendant guilty of felony § 111(a) for crashing his car into a police vehicle; the other felony was intent to obstruct justice by fleeing officers executing warrant).

---

[2] The government acknowledges that although the Court considered and rule on this issue in *Leffingwell*, the Court raise the issue *sua sponte* and the defendant did not contest the government's position because Leffingwell's plea agreement included a provision in which the parties agreed on the guidelines analysis.

## IV.    Conclusion

For the reasons set forth above, the United States respectfully requests that the Court deny

Harris' Renewed Motion to Dismiss Counts One and Three of the Superseding Indictment.

Respectfully submitted,

DATED: May 5, 2023                              MATTHEW M. GRAVES
                                                United States Attorney
                                                D.C. Bar No. 481052

                                        By:     */s/ Laura E. Hill*
                                                LAURA E. HILL
                                                Trial Attorney
                                                NV Bar No. 13894
                                                Trial Attorney, Detailee
                                                175 N Street, NE, 9th Floor
                                                Washington, D.C. 20002
                                                (202) 514-7900
                                                Laura.e.hill@usdoj.gov

                                                */s/ Julie Bessler*
                                                JULIE BESSLER
                                                Assistant United States Attorney
                                                601 D Street, NW
                                                Washington, DC 200001
                                                (202) 809-1747
                                                Julie.bessler@usdoj.gov

## CERTIFICATE OF SERVICE

On this 5th day of May 2023, a copy of the foregoing was served upon all parties listed on

the Electronic Case Filing (ECF) System.

By:    */s/ Laura E. Hill*
        LAURA E. HILL
        Trial Attorney
        NV Bar No. 13894
        Trial Attorney, Detailee
        175 N Street, NE, 9th Floor
        Washington, D.C. 20002
        (202) 514-7900
        Laura.e.hill@usdoj.gov