UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASE NO. 21-00189 (CJN)

UNITED STATES OF AMERICA,
                    Plaintiff,

v.

RICHARD HARRIS,

                    Defendant.

_____/

**<u>DEFENDANT'S REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS</u>**

Defendant Richard Harris files this reply in support of his Renewed Motion to Dismiss.  ECF No. 49.  In light of the Second Superseding Indictment filed May 11, 2023, *see* ECF No. 51, Mr. Harris amends his renewed Motion to Dismiss (ECF No. 49) to seek dismissal of Counts One, Four, and Five, rather than Counts One and Three.  The Motion to Dismiss should be granted because Mr. Harris cannot legally be convicted of Count One, which charges him with obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2).  Section 1512(c)(2) is facially unconstitutional under the void-for-vagueness doctrine.  If Count One is dismissed, Counts Four and Five must be dismissed as well, because 18 U.S.C. § 231(a)(3) is not a valid predicate for 18 U.S.C. § 111(a)(1).

The government in its response fails to engage with the arguments raised in Mr. Harris's Motion to Dismiss and fails to offer any definition for the word "corruptly."  The government asks this Court to ignore the substantive arguments underlying Mr. Harris's facial vagueness challenge and to rely instead on case law that long

1

predates the Supreme Court's expanding void-for-vagueness doctrine in *United States v. Johnson*, 576 U.S. 591 (2015), and its progeny.  Finally, the government incorrectly characterizes the legal arguments raised in Mr. Harris's motion as sufficiency-of-the-evidence challenges.

### I.  The Indictment fails to sufficiently allege a violation of § 1512(c)(2).

If "corruptly" is defined according to the principal opinion in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), then the statute cannot apply to Mr. Harris's conduct on January 6, 2021.  The facts alleged in the Indictment are insufficient to establish that his actions that day were "independently unlawful" and done with "a hope or expectation of either financial gain or other benefit to oneself or a benefit of another person." *Id.* at 340 (citations omitted).  With respect to the first prong of the test stated by the lead opinion in *Fischer*, all of the other charges in the indictment will necessarily be proven by precisely the same conduct as the § 1512(c)(2) count;   the Indictment therefore fails to sufficiently allege that Mr. Harris's conduct underlying these charges was "independently unlawful."  64 F.4th at 340.  As for the second prong, the indictment fails to allege that Mr. Harris took actions on January 6, 2021, with "a hope or expectation of either financial gain or other benefit to oneself or a benefit to another person." *Id.*

By characterizing Mr. Harris's arguments as factual questions for the jury, the government apparently overlooks the fact that the District of Columbia Circuit in *Fischer*, in reaching its conclusion, discussed the facts underlying the charges and not simply the charges themselves.  For example, the Court highlighted one defendant's "repeatedly striking officers with a bat"; another defendant's "bringing a

grappling hook, rope, bulletproof vest, helmets, and a mouthguard"; and yet another's violent rhetoric in text messages. *Id*. at 333. This was the conduct found sufficient to support the § 1512(c)(2) counts charged in *Fischer*. Mr. Harris's conduct did not rise to this level. The Indictment therefore does not sufficiently allege a violation of § 1512(c)(2), as interpreted by the District of Columbia Circuit in *Fischer*.

## II.  Section 1512(c)(2) is unconstitutionally vague.

Section 1512(c)(2) is facially vague, and thus unconstitutional, because it both (1) fails to put people of ordinary intelligence on fair notice that their conduct might be prohibited; and (2) authorizes or encourages arbitrary and discriminatory enforcement. The Court in *Fischer* never addressed nor even considered the question of *facial* vagueness raised in Mr. Harris's Motion to Dismiss. *Fischer* therefore does not control the facial challenge here. Yet the government still asks this Court to view *Fischer*—which decided as-applied challenges raised by differently situated defendants—as controlling with respect to facial vagueness.

The government argues that it would be "untenable" to hold that Section 1512(c)(2) is facially vague based on the ambiguity in the word "corruptly." *See* ECF No. 50 at 11. The government's basis for this argument is that such a holding would doom all of the other references to "corruptly" in Title 18 of the U.S. Code. ECF No. 50 at 11. This theory is flawed for two reasons. First, Mr. Harris does not ask this Court to pass judgment on the other references to the word "corruptly" in Title 18. Second, the frequent use of an unconstitutionally vague word or phrase does not immunize it from constitutional challenge. After all, the Armed Career

3

Criminal Act's residual-clause definition of violent felony—that which "involves conduct that presents a serious potential risk of physical injury to another"—was universally employed in criminal prosecutions, but that did not prevent the Supreme Court from holding it unconstitutional in *Johnson*.   576 U.S. at 596.   The Supreme Court reached this conclusion notwithstanding the use elsewhere in the United States Code of remarkably similar statutory phrases, like those contained in 18 U.S.C. § 924(c)(3)(B) (defining crime of violence) and 18 U.S.C. § 16 (also defining crime of violence)—both of which were subsequently deemed unconstitutional in separate opinions that followed *Johnson*.   *See United States v. Davis*, 139 S. Ct. 2319, 2323 (2019) (finding the residual clause in § 924(c) to be unconstitutionally vague).   *See also Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (reaching the same conclusion with respect to the residual clause contained in § 16).

Indeed, the Supreme Court has made clear that when a statute requires an "indetermina[te]" and "wide-ranging inquiry"—as does the word "corruptly," in § 1512(c)(2)—it both "denies fair notice to defendants and invites arbitrary enforcement by judges," by police, and by prosecutors.   *Johnson*, 576 U.S. at 597. What is in fact untenable is to allow arbitrary and discriminatory prosecutions simply because of the quantity of defendants who might benefit from the constitutional protections applicable here.   The government's floodgate argument did not convince the majority of the Supreme Court in *Johnson* and its progeny, and is not persuasive here.   *Cf. Davis*, 139 S. Ct. at 2337 (Kavanaugh, J., dissenting) (arguing that the residual clause in § 924(c)(3)(B) had been used in "tens of thousands of federal prosecutions" since its enactment 33 years prior).   If the

4

residual clauses contained in § 924(e)(2)(B)(ii) (*Johnson*); § 16 (*Dimaya*); and § 924(c)(3)(B) (*Davis*) were not too frequently applied to fail, then the use of "corruptly" in § 1512(c)(2) certainly is not either.

Nowhere in its response does the government engage with Mr. Harris's argument that *Johnson* and its progeny clarified and expanded the void-for-vagueness doctrine. Rather than acknowledging this sea change, the government instead cites vagueness cases that pre-date *Johnson* by over half-a-century. *See* ECF No. 50 at 9-11. In so doing, the government ignores the fact that § 1512(c)(2) poses precisely the problem that troubled the Supreme Court in *Johnson*, and then in *Dimaya* and *Davis*: Trying to determine whether conduct is done "corruptly" necessarily "devolve[es] into guesswork and intuition." *Johnson*, 576 U.S. 591.

If someone charges through a Congressional proceeding while fleeing the police on foot after selling drugs to an undercover officer, has that person acted sufficiently "corruptly" such that they can also be prosecuted under § 1512(c)(2)? Or, say a professional photographer who specializes in aerial photographs flies a drone in a park where drone use is prohibited, and loses control of that drone. If the drone subsequently crashes through a window and thereby disrupts an official proceeding, was that conduct engaged in "corruptly," simply because drone use is independently unlawful and the flying of the drone was for personal financial gain? According to the government, that is all left to police, prosecutors, and courts—and not to Congress, as it should be—to decide.

The government also makes light of Mr. Harris's argument that the vagueness of § 1512(c)(2) is emphasized by the splintered 1-1-1 *Fischer* decision. But in so doing,

5

the government scoffs at the Supreme Court's own reasoning.  In *Johnson*, the Court pointed out that it was "not the only one that has had trouble making sense of the residual clause," and that the clause had "created numerous splits among the lower federal courts, where it has proved nearly impossible to apply consistently." 576 U.S. at 601 (internal quotation marks and citation omitted).  Section 1512(c)(2) likewise has proved impossible to apply consistently.  This is evidenced by the three separate *Fischer* opinions which, like lower courts' interpretations of the residual clause, reflect "pervasive disagreement about the nature of the inquiry one is supposed to conduct and the kinds of factors one is supposed to consider."  *Id*.

The bottom line is that, "on its face, the word 'corruptly' is vague." *United States v. Poindexter*, 951 F.2d 369, 379 (D.C. Cir. 1991).  "[P]eople must guess at its meaning and differ as to its application."  *Id*.  In recent years, the Supreme Corut has repeatedly made clear that "[i]nvoking so shapeless a provision to condemn someone to prison for [up to 20 years] does not comport with the Constitution's guarantee of due process," *Johnson*, 576 U.S. at 602.   Adopting one of the many competing definitions of the word "corruptly" would be akin to "writing a new law rather than applying the one Congress adopted."  *Davis*, 139 S. Ct. at 2324.  Count One should therefore be dismissed because § 1512(c)(2) is unconstitutionally vague.

## III.      Counts Four and Five, charging violations of § 111(a)(1), must be dismissed as well.

Section 231(a)(3), which charges civil disorder, is not "another felony" as required by the plain text of § 111(a)(1).   The Supreme Court has made it abundantly clear that "[w]here two statutory provisions proscribe the same offense,

a legislature does not intend to impose two punishments for that offense." *Rutledge v. United States*, 517 U.S. 292, 297 (1996) (citing *Whalen v. United States*, 445 U.S. 684 (1980); *Ball v. United States*, 470 U.S. 856 (1985). The government's response ignores Mr. Harris's argument that § 231(a)(3) cannot be "another felony" because it will be based on identical facts to those underlying the § 111(a)(1) count. The government instead cites to inapposite sentencing-enhancement case law.

The government also erroneously suggests that the issue is settled merely because this Court has accepted a guilty plea to a § 111(a) violation where § 231(a)(3) was the other felony. This contention is at odds with our adversarial system of criminal justice, which "rel[ies] on the parties to frame the issues for decision and assign[s] to courts the role of neutral arbiter of *matters the parties present*." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008) (emphasis added). Courts "do not, or should not, sally forth each day looking for wrongs to right," but rather "wait for cases to come to them" and "normally decide only questions presented by the parties." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (internal quotation marks and citations omitted). The government's argument—that a *guilty plea* controls the question presented by Mr. Harris's motion—overlooks the fact that "under our constitutional system, courts are not roving commissions assigned to pass judgment on the validity of the Nation's laws." *Id*. at 1585 (Thomas, J., concurring) (citing *Broadrick v. Oklahoma*, 413 U.S. 601, 610-11 (1973)).

Beyond that, the government's only argument is a citation to an unpublished District of Nevada opinion where the other felony was obstruction of justice, not

civil disorder under § 231(a)(3).  *See* ECF No. 50 at 14 (citing *United States v. Wright*, 2019 WL 177469 (D. Nev. Jan. 11, 2019)).  In *Wright*, the court did not address the question raised here—whether the predicate offense (there, obstruction of justice) was a valid "[ ]other felony" to support an assault conviction.  But even if the court in *Wright* had addressed that issue, it still would not control the result here, because obstruction of justice and civil disorder require proof of different elements.  All of the facts required to prove civil disorder are likewise required to prove assault under § 111(a)(1); the same is not necessarily true of obstruction and assault, which would have been the question in *Wright*.  Section 231(a)(3) does not require proof of any separate fact not covered by § 111(a)(1); it therefore cannot be treated as "another felony" for purposes of satisfying that element of assault. Counts Four and Five accordingly must be dismissed.

## IV. Conclusion

Section 1512(c)(2) is facially unconstitutionally vague and does not apply to Mr. Harris's conduct.  This mandates dismissal of Count One.  Once Count One is dismissed, Counts Four and Five must be as well, because civil disorder is not a valid predicate offense for assault.


WHEREFORE Defendant Richard Harris asks this Court to dismiss Counts One, Four, and Five of the Second Superseding Indictment.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

BY:    s/ *Eric M. Cohen*
       Eric M. Cohen
       Assistant Federal Public Defender
       Florida Bar No. 328065
       150 West Flagler Street, Suite 1700
       Miami, Florida 33130-1556
       Tel:  305-530-7000/Fax:  305-536-4559
       E-Mail Address: Eric_Cohen@fd.org

       s/*Kristy Militello*
       Kristy Militello
       Assistant Federal Public Defender
       Attorney for Defendant
       Florida Bar No. 0056366
       450 South Australian Avenue
       Suite 500
       West Palm Beach, Florida  33401
       Tel: 561-833-6288
       Email: Kristy_Militello@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on **May 12, 2023**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.   I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_s/Eric M. Cohen_____
Eric M. Cohen