## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | **Case No. 1:21-cr-00189-CJN** |
| **RICHARD HARRIS,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

### UNITED STATES' NOTICE OF INTENT TO INTRODUCE EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404(b) AS TO DEFENDANT RICHARD HARRIS

Defendant Richard Harris is currently charged by indictment with a variety of crimes arising out of his participation in the January 6, 2021 riot at the U.S. Capitol building. The government submits this notice of intent to introduce evidence pursuant to Federal Rule of Evidence 404(b) as to defendant Richard Harris.

The government intends to introduce evidence of the defendant's actions at a December 21, 2020 riot at the Oregon State Capitol, as well as later communications by the defendant about his actions on December 21, 2020. This evidence is admissible under Rule 404(b) to prove Harris' identity, knowledge, intent, and absence of mistake on January 6, 2021.

### I.    FACTUAL BACKGROUND

#### A.    Defendant's Actions at the Oregon State Capitol on December 21, 2020

The government seeks to present evidence, including the testimony of Sergeant Elias Breen of the Oregon State Police, of the defendant's participation in the protests at the Oregon State Capitol on December 21, 2020. During a special session of the Oregon State Legislature, protestors gathered outside the Oregon State Capitol to voice concerns over COVID-19 restrictions (Exhibit

1),[1] and, ultimately, protestors, including the defendant, attempted to smash the doors of the Oregon State Capitol to break into the building.

Journalists were also at the Oregon Capitol that day, taking video and photographs of the protestors' actions at the doors of the Capitol building. After witnessing journalists record the protestors' actions at the doors, Sergeant Breen observed the defendant—wearing the same blue hat and gray sweatshirt as on January 6, 2021—approach a journalist and shove him twice. The assault was captured on video and posted on Twitter the same day (Figure 1[2]). In the video, the defendant is heard saying, "Better fucking leave." Sergeant Breen also saw the defendant join other protestors and violently pull on the locked glass doors of the Oregon State Capitol building in an attempt to gain illegal entry. Videos from the defendant's phone, obtained in accordance with a lawful search warrant, corroborate this account by law enforcement. Multiple videos show glass doors of the Oregon State Capitol shattered, with rioters pulling and pushing the doors to illegally enter the building. Other videos, filmed by defendant, show armored police vehicles with lights flashing and sirens wailing in the distance. In one video, a voice—seemingly of law enforcement—announces, "subjects must leave the Capitol grounds now or you will be subject to arrest under [inaudible] Revised Statute 166025, Disorderly Conduct." Stills from the videos are included below (Figures 2-4).

---

[1] Mike Baker, *Armed protesters angry over virus restrictions try to force their way into the Oregon Statehouse*, THE NEW YORK TIMES (Dec. 21, 2020),
https://www.nytimes.com/2020/12/21/world/oregon-coronavirus-protests.html.
[2] @MrOlmos, TWITTER (Dec. 21, 2020, 4:45 PM),
https://twitter.com/MrOlmos/status/1341137620332552192.



*Figure 1*



*Figure 2*



*Figure 3*



*Figure 4[3]*

On December 23, 2020, two days after the protest at the Oregon State Capitol, the defendant took a screenshot of tweets containing the video of his assault on the journalist (Figure 5). In addition, on December 24, 2020, the defendant took a screenshot of a text exchange he had with a third party. In the texts, the defendant sent the third party a link to a news article published by the Statesman Journal, entitled "Arrests made after protestors attempt to enter Oregon Capitol, session."[4] Immediately following the link to the article, the defendant texted, "I'm on here too. Scroll down you'll see me 😊" (Figure 6). Upon review, the defendant does, in fact, appear in the Statesman Journal article. In particular, the article references the tweets showing his assault on the journalist (Figure 7)—the same video the defendant saved on his phone just a day earlier.

---

[3] Figure 4 is a mirrored version of the original photograph.

[4] The referenced article is publicly available. Claire Withycombe and Virginia Barreda, *4 arrests made after protesters attempt to enter Oregon State Capitol during session*, STATESMAN JOURNAL (Dec. 21, 2020), https://www.statesmanjournal.com/story/news/politics/2020/12/21/protesters-gather-oregon-legislature-starts-special-session/3993102001/.



*Figure 5*



*Figure 6*



*Figure 7*

### B.      Defendant's Subsequent Arrest and Case Disposition Stemming from the Riot at the Oregon State Capitol

On March 30, 2021, the defendant was charged by Information with one count of Harassment pursuant to Oregon Revised Statute § 166.065[5] for the assault of the above-mentioned

---

[5] "(1) A person commits the crime of harassment if the person intentionally: (a) Harasses or

journalist at the Oregon State Capitol. On March 14, 2022, the defendant pled guilty to Harassment for the assault on the journalist. He was sentenced to 12 months of probation and 40 hours of community service.

Following the protests at the Oregon State Capitol, the defendant was not immediately identified and was referred to as "Suspect 3" in documents authored by the Oregon State Police. After the riot at the U.S. Capitol on January 6, 2021, the defendant's image was broadcasted across the country. Sergeant Breen, upon watching news coverage of the events at the U.S. Capitol, immediately recognized the defendant as Suspect 3—the individual who had assaulted the journalist and attempted to illegally enter the Oregon State Capitol on December 21, 2020. Sergeant Breen recognized Suspect 3's physical build, a distinct tattoo on his right forearm, as well as his clothing—on both days, the defendant wore the same blue camouflage "MAGA" hat and gray sweatshirt. Sergeant Breen learned that Suspect 3 had been identified as Richard Harris of Oregon. Upon reviewing Oregon Department of Motor Vehicle records, Sergeant Breen confirmed that Richard Harris was Suspect 3 in the December 2020 incident at the Oregon State Capitol.

## II.     LEGAL FRAMEWORK

Federal Rule of Evidence 404(b)(2) provides that "evidence of any other crime, wrong or act . . . may be admissible . . . [to] prov[e] motive, opportunity, intent preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *See also United States v. Bowie*, 232 F.3d 923, 926, 930 (D.C. Cir. 2000) (citing Fed. R. Evid. 404(b)). Rule 404(b)(3)(A) requires the government

---

annoys another person by: (A) Subjecting such other person to offensive physical contact[.]" Or. Rev. Stat. § 166.065 Harassment.

to "provide reasonable notice," in writing and before trial, of 404(b) evidence "that the prosecutor intends to offer at trial."

As the United States Court of Appeals for the D.C. Circuit has instructed, Rule 404(b) is a rule of "inclusion rather than exclusion." *Bowie*, 232 F.3d at 929. Specifically, "[a]lthough the first sentence of Rule 404(b) is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of 'other crimes' evidence 'in but one circumstance' — for the purpose of proving that a person's actions conformed to his character." *Id.* at 929-30 (quoting *United States v. Crowder,* 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*) ("*Crowder II*")); *accord United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) ("[A]ny purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character") (quoting *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original)).

The D.C. Circuit has created a two-pronged test for determining whether evidence of prior crimes is admissible under Rule 404(b). First, the evidence must be "probative of a material issue other than character." *Miller*, 895 F.2d at 1435 (citation omitted). Second, the evidence is subject to the balancing test of Federal Rule of Evidence 403, which renders it inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value. *Id.* Under this prong, it is not enough that the evidence is simply prejudicial; the prejudice must be "unfair." *Cassell*, 292 F.3d at 796 (quoting *Dollar v. Long Mf'g, N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977)) ("[v]irtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'"); *United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("[T]he Rule focuses on the danger of *unfair* prejudice, and gives the court discretion to exclude evidence only if that danger *substantially* outweigh[s] the evidence's probative value." (citations and punctuation omitted) (emphasis in original)).

Admission of Rule 404(b) evidence is permitted in the government's case-in-chief. Specifically, the government is entitled to anticipate the defendant's denial of intent and knowledge and to introduce similar act evidence as part of its case-in-chief. *See United States v. Inserra*, 34 F.3d 83, 90 (2d Cir. 1994) ("[Rule 404(b) other crimes evidence] is admissible during the government's case-in-chief if it is apparent that the defendant will dispute that issue"); *United States v. Lewis*, 759 F.2d 1316, 1349 n.14 (8th Cir. 1985) ("It was not necessary for the government to await defendant's denial of intent or knowledge before introducing [Rule 404(b) other crimes] evidence; instead the government may anticipate the defense and introduce it in its case-in-chief"); *United States v. Bussey*, 432 F.2d 1330, 1333 n.13 (D.C. Cir. 1970) (noting that Rule 404(b) other crimes evidence to prove identity and to prove that prior and subsequent offenses are so identical as to mark them as handiwork of the defendant should be introduced in the government's case-in-chief).

## III.    ARGUMENT

The facts set forth in Section I assist in proving the defendant's identity, knowledge, and intent, as well as absence of mistake to commit the charged crimes on January 6, 2021.

### A. The defendant's actions at the Oregon Capitol and surrounding circumstances are admissible to show the defendant's identity, knowledge, intent, and absence of mistake on January 6, 2021.

In this case, evidence of the facts surrounding the defendant's actions at the Oregon State Capitol are admissible under Rule 404(b) to prove the defendant's identity, knowledge, intent, and absence of mistake on January 6, 2021.

Evidence of defendant's actions on December 21, 2020, are relevant to prove identity. The defendant wore some of the same distinctive items of clothing to the protest on December 21, 2020, that he wore just over two weeks later on January 6, 2021. Specifically, defendant wore a

blue hat with a camouflage pattern and "MAGA" written in red across the front. He also wore a gray sweatshirt on both days. Moreover, on both occasions his distinctive arm tattoo was visible. Although the defendant was identified by Oregon State Police only after his arrest for conduct on January 6, 2021, the Oregon State Police subsequently made an independent determination of Harris' identity, and he has pled guilty to that offense and been sentenced. Thus, evidence showing that the individual who was in the U.S. Capitol Building on January 6, 2021 is the individual at the protests in Oregon on December 21, 2020 is highly relevant identification evidence.

Evidence of defendant's actions on December 21, 2020, is also relevant to prove the defendant's knowledge, intent, and absence of mistake on January 6, 2021. The defendant is charged in an eleven-count indictment for his crimes on January 6, 2021. Most of these counts relate, in part or entirely, to his criminal trespass on the U.S. Capitol grounds on January 6, 2021, and each of the charges has a knowledge or intent element. For instance, Count One, charging defendant with violating 18 U.S.C. § 1512(c)(2), requires that the defendant have acted "corruptly" when he obstructed, influenced, or impeded any official proceeding. As another example, Count Six, charging defendant with violating 18 U.S.C. § 1752(a)(1), requires proof that the defendant "knowingly" "enter[ed] or remain[ed] in a restricted building or grounds" on January 6, 2021.

The defendant's actions at the Oregon State Capitol, which occurred a mere sixteen days prior to January 6, 2021, and his subsequent messages about his conduct on that day, are relevant to his knowledge and intent to commit these offenses, as well as to absence of mistake in committing these offenses. His conduct on December 21, 2020, put him on notice that such conduct—trespassing on a closed Capitol building—was illegal. At the Oregon State Capitol on December 21, 2020, the defendant filmed protestors attempting to break into the Capitol building and smashing the Capitol building's doors. He also pulled on the locked door of the Capitol,

attempting to enter the building. The significant law enforcement presence also put the defendant on notice that his actions were illegal—he saw police in riot gear, armored police vehicles, sirens, and a clear warning to evacuate, which are all indicators of illegality. Yet the defendant showed blatant disrespect for law enforcement by taking a photograph of himself raising his middle finger while law enforcement in military gear and an armored police vehicle are visible in the background—a theme at the riot on January 6, 2021 as well. *See* Figure 4.

Three days after the protests at the Oregon State Capitol, the defendant took a screenshot of a text exchange with a third party, in which he sent an article about the protests that occurred. The headline reads, "Arrests made after protestors attempt to enter the Oregon Capitol[.]" *See* Figure 6. In the same text thread, the defendant then pointed himself out—using a "smiley-face" emoji no less—in a video that shows his assault on the journalist who was present at the Oregon Capitol that day. *Id.* While the defendant was not arrested for trespassing or rioting at the Oregon Capitol, it does not affect the relevance of this evidence to his intent on January 6, 2021. The fact that the defendant was on notice that others were arrested for trying to break into the Oregon State Capitol would have impressed upon him that public land (like the U.S. Capitol grounds) can be restricted to the public, and that one can be arrested and charged with a criminal offense for trespassing in such restricted areas. That is circumstantially relevant to the defendant's knowledge and intent in entering restricted portions of the public grounds on which the U.S. Capitol sits on January 6, 2021. *See, e.g.*, *Bowie*, 232 F.3d at 930 ("Evidence that [the defendant] possessed and passed counterfeit notes on a prior occasion was relevant because it decreased the likelihood that [the defendant] accidentally or innocently possessed the counterfeit notes [in the charged incident].").

**B. The probative value of the evidence presented herein is not substantially outweighed by potential prejudice to the defendant.**

Evidence admissible under Rule 404(b) is subject to the restrictions of Rule 403. *See United States v. Moore*, 732 F.2d 983, 987 (D.C. Cir. 1984). In this case, the probative value of the government's proffered 404(b) evidence is not substantially outweighed by potential prejudice to the defendant. In theory, any 404(b) evidence "raises the danger that the jury will improperly 'conclude that because [the defendant] committed some other crime, he must have committed the one charged in the indictment.'" *United States v. Douglas*, 482 F.3d 591, 601 (D.C. Cir. 2007) (quoting *Crowder II*, 141 F.3d at 1210). But that potential prejudice is not unique to this case, where the government has shown a permissible non-propensity purpose.

Potential prejudice is endemic to all Rule 404(b) evidence, yet prejudice in that attenuated sense cannot justify a *per se* rule of exclusion. *See Crowder II*, 141 F.3d at 1210. The defense must instead show "compelling or unique" evidence of prejudice, *United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995), distinct from the probative value of the evidence and distinct from the intrinsic prejudicial potential of any Rule 404(b) evidence. In jury trials, the D.C. Circuit has consistently chosen to minimize the residual risk of prejudice not by excluding Rule 404(b) evidence, but by issuing limiting instructions to the jury. *See, e.g.*, *Douglas,* 482 F.3d at 601 (emphasizing the significance of the district court's instructions to the jury on the permissible and impermissible uses of the evidence); *Pettiford*, 517 F.3d at 590 (same); *Crowder II*, 141 F.3d at 1210 (stating that mitigating instructions to the jury enter into the Rule 403 balancing analysis).

In bench trials, such as will occur here, the portion of Rule 403 concerning unfair prejudice "has a highly limited application, if any at all." *Paleteria La Michocana, Inc. v. Productos Lacetos Tocumbo, S.A. De C.V.*, No. 11-cv-1623-RC, 2015 WL 13680822, at *5 (D.D.C. June 12, 2015) (citing *Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994) (holding that "in the context of a bench

trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial"); *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. Unit A Jan. 1981) (holding that Rule 403 "has no logical application to bench trials" and that "excluding relevant evidence on the basis of 'unfair prejudice'[in a bench trial] is a useless procedure").  Because of this, courts have consistently held that the trial court may consider relevant evidence that may be prejudicial. *See id.*

For all of these reasons, the government intends to present evidence of the defendant's conduct at the protest at the Oregon State Capitol on December 21, 2020, as well as his subsequent discussions about his conduct at the Oregon State Capitol on that date.

## **CONCLUSION**

The government intends to introduce evidence of the defendant's actions at a December 21, 2020 riot outside the Oregon State Capitol, as well as defendant's subsequent communications regarding his actions on that date. Per Federal Rule of Evidence 404(b), this evidence will aid the government in proving the defendant's identity, knowledge, intent, and absence of mistake on January 6, 2021.

Dated:   June 2, 2023                            Respectfully submitted,

                                                 MATTHEW M. GRAVES
                                                 United States Attorney

                                    By:     */s/ Julie Bessler*
                                            JULIE BESSLER
                                            Assistant United States Attorney
                                            PA Bar No. 328887
                                            601 D Street, NW
                                            Washington, DC 200001
                                            (202) 809-1747
                                            Julie.bessler@usdoj.gov

LAURA E. HILL
Trial Attorney
NV Bar No. 13894
Trial Attorney, Detailee
175 N Street, NE, 9th Floor
Washington, D.C. 20002
(202) 514-7900
Laura.e.hill@usdoj.gov