**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **Case No.:  1:21-CR-00189-CJN** |
| **RICHARD HARRIS,** | : | |
| | : | |
| **Defendant.** | : | |

<u>**JOINT PROPOSED LEGAL INSTRUCTIONS**</u>

**A.  18 U.S.C. § 1512(c)(2) – OBSTRUCTION OF AN OFFICIAL PROCEEDING**[1][2]

(18 U.S.C. § 1512(c)(2))

Count One of the Second Superseding Indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of federal law.  Count One also charges the defendant with aiding and abetting others to commit that offense.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

      First, the defendant obstructed or impeded an official proceeding.

      Second, the defendant intended to obstruct or impede the official proceeding.

      Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

---

[1] The defense objects to the government's proposed instruction on Count One.  *See* Attachment A (detailing the basis for the objection and offering a substitute instruction).

[2] For other January 6 trials that have used similar instructions, see*, e.g.*, *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 8); *United States v. Wren, et al.*, No. 21-599 (RBW) (instructions not yet available on ECF); *United States v. Sara Carpenter*, 21-cr-305-JEB (ECF No. 97 at 10); *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF No. 86 at 11-12); *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25); *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7); *United States v. Hale-Cusanelli*, No. 21-cr-37 (TNM) (ECF No. 84 at 24); and *United States v. Bledsoe*, No. 21-cr-204 (BAH) (ECF No. 215 at 7).

Fourth, the defendant acted corruptly.

<u>Definitions</u>

To "obstruct" or "impede" means to block, interfere with, or slow the progress of an official proceeding.

The term "official proceeding" includes a proceeding before Congress. The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. For purposes of this count, the term "official proceeding" means Congress' Joint Session to certify the Electoral College vote.[3]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.[4]

To act "corruptly," the defendant must use independently unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing."

---

[3] In *United States v. Fischer*, 64 F.4th 329, 342 (D.C. Cir. 2023), the D.C. Circuit held "that congressional certification of the Electoral College count is an 'official proceeding'" for purposes of § 1512(c)(2). *See also* 18 U.S.C. § 1515(a)(1)(B) (defining "official proceeding" to include "a proceeding before the Congress"); § 1512(f)(1) ("For the purposes of this section—(1) an official proceeding need not be pending or about to be instituted at the time of the offense"). For the nexus requirement (that the official proceeding need be reasonably foreseeable), see *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995). For other January 6 trials that have used this instruction, see*, e.g.*, *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25-26), *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF No. 86 at 12), *United States v. Thompson*, No. 21-cr-161 (RBW) (ECF No. 832 at 26), *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7); and *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 23).

[4] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, No. 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 9) (same).

"Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his or her constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but that person does not act corruptly. Accordingly, an individual who does no more than lawfully exercise those rights does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.[5] Often, acting corruptly involves acting with the intent to secure an unlawful advantage or benefit either for oneself or for another person.[6]

While the defendant must act with intent to obstruct the official proceeding, this need not be his sole purpose. A defendant's unlawful intent to obstruct an official proceeding is not negated

---

[5] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North*, 910 F.2d 843, 883 (D.C. Cir. 1990), *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990); *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Caldwell*, 581 F. Supp. 3d 1, 19-20 (D.D.C. 2021); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 26 (D.D.C. 2021); *United States v. Montgomery*, 578 F. Supp. 3d 54, 82 (D.D.C. 2021); *United States v. Lonich*, 23 F.4th 881, 902-03 (9th Cir. 2022). For other January 6 trials that have used similar instructions, see*, e.g.*, *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7), and *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25-29); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10).

[6] This last line, which incorporates aspects of the lead and concurring opinions in *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *id.* at 352 (Walker, J., concurring), was provided in *United States v. Nordean, et al*, 21-cr-175 (TJK) (ECF No. 767 at 31-32), *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10), and *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 24).

by the simultaneous presence of another purpose for his conduct.[7]

<u>Aiding and Abetting</u>[8]

In this case, the government further alleges that the defendant committed obstruction of an official proceeding, as charged in Count One, by aiding and abetting others in committing this offense.  This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count One.

A person may be guilty of an offense if he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of Obstruction of an Official Proceeding because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed Obstruction of an Official Proceeding by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that Obstruction of an Official Proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

---

[7] *United States v. Carpenter*, No. 21-cr-305 (JEB) (ECF No. 97 at 11); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10).

[8] The defense objects to the government's proposed aiding-and-abetting instruction.  *See* Attachment A.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of Obstruction of an Official Proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of Obstruction of an Official Proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense.  That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.  The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense.  Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of Obstruction of an Official Proceeding as an aider and abettor.  The

government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

## B. 18 U.S.C. § 111 – ASSAULTING, RESISTING, OR IMPEDING OFFICERS[9]

(18 U.S.C. § 111(a))

### 1. Count Four, 18 U.S.C. § 111(a)(1)

Count Four of the Second Superseding Indictment charges the defendant with assaulting, resisting, opposing, impeding, intimidating, or interfering with U.S. Capitol Police (USCP) Sergeant D. M., an officer or an employee of the United States who was then engaged in the performance of his official duties, which is a violation of federal law.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with U.S.C.P. Sergeant D. M. an officer from United States Capitol Police.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Sergeant D. M. was an officer or an employee of the United States who was then engaged in the performance of his official duties.

Fifth, the defendant acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offenses charged in Counts One and Two.

---

[9] The defense objects to the government's proposed instructions for Counts Four and Five of the Indictment. *See* Attachment A.

Definitions

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient[10] but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[11]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[12, 13]

---

[10] The defense objects to the government's proposal that mere contact is sufficient. *See* Attachment A.

[11] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[12] The defense objects to the government's proposed instruction that fear of offensive touching satisfies the fear-of-injury requirement.

[13] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). For other January 6 trials that have used similar instructions, see *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 30), and *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 14).

## 2.   Count Five, 18 U.S.C. § 111(a)(1)

Count Five of the Second Superseding Indictment charges the defendant with assaulting, resisting, opposing, impeding, intimidating, or interfering with Metropolitan Police Department (MPD) Lieutenant M. H., a person assisting officers of the United States who are engaged in the performance of their official duties.

<u>Elements</u>

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Lieutenant M. H., an officer from MPD in Count Five.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, MPD Lieutenant M. H. was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with Lieutenant M. H. a person who was assisting officers of the United States who were then engaged in the performance of their official duties, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offenses charged in Counts One and Three.

For relevant definitions, please see section B.1 above.

### 3.  The Government's Position on *United States v. Cua*[14][15]

In *Cua*, Judge Moss divided Section 111(a) into "three categories of violations: (1) acts in violation of the statute that 'constitute only simple assault' (the 'simple-assault provision'); (2) acts in violation of the statute that 'involve physical contact with the victim of that assault' (the 'physical-contact provision'); and (3) acts in violation of the statute that 'involve . . . the intent to commit another felony' (the 'other-felony provision')." 2023 WL 216719, at *5. Judge Moss held "that the first two provisions require an assault," while the third does not. *Id.* at *5-8.

The government disagrees with Judge Moss's interpretation of Section 111(a) and agrees with the many circuits that have held that "assault is not an essential element of every § 111 offense." *United States v. Stands Alone*, 11 F.4th 532, 535 (7th Cir. 2021); *see also United States v. Briley*, 770 F.3d 267, 273-75 (4th Cir. 2014); *United States v. Williams*, 602 F.3d 313, 315-18 (5th Cir. 2010); *United States v. Gagnon*, 553 F.3d 1021, 1024-27 (6th Cir. 2009). As those circuits have concluded, reading Section 111(a) to require proof of an assault in all cases violates several principles of statutory interpretation.

First, "requiring assault as an essential element of *every* § 111 offense would render the remaining five verbs superfluous." *Stands Alone*, 11 F.4th at 535; *Briley*, 770 F.3d at 274 ("Briley's reading would render five of those six words—all but 'assault'—inoperative with respect to both the misdemeanor and the 'physical contact' felony."); *Williams*, 602 F.3d at 317 ("interpreting § 111(a)(1) as requiring an underlying assault for a defendant to be convicted would render meaningless the five forms of non-assaultive conduct that are plainly proscribed by the statute.");

---

[14] The defense agrees that *Cua* did not adopt the correct reading of the statute, but objects to the government's proposed interpretation.  *See* Attachment A.

[15] No. 21-107-RDM, 2023 WL 2162719 (D.D.C. Feb. 22, 2023).

*Gagnon*, 553 F.3d at 1026 ("the fatal problem with this reading is that it makes a great deal of what § 111 does say entirely meaningless").

Second, the *Cua* decision "wanders too far from congressional intent" and "rips a big hole in the statutory scheme. Although his reading largely preserves the protections for the physical safety of federal officials, it leaves those officials without protection for the carrying out of federal functions. It misses the crucial point that § 111 safeguards not only physical safety, but also functional integrity." *Briley*, 770 F.3d at 274 (citing *United States v. Feola*, 420 U.S. 671, 678-79 (1975)); *see Williams*, 602 F.3d at 317 (explaining that the government's "approach is more consonant with the dual purpose of the statute, which, the Supreme Court has noted, is not simply to protect federal officers by punishing assault, but also to 'deter interference with federal law enforcement activities' and ensure the integrity of federal operations by punishing obstruction and other forms of resistance") (quoting *Feola*, 420 U.S. at 678); *Gagnon*, 553 F.3d at 1026 ("Congress's drafting makes clear that § 111's purpose is to protect federal officers and certain employees from a broader range of harmful conduct than just common-law assault. If Congress meant only assault it could have said only assault[.]").

Third, the *Cua* decision "produces an absurd result. His reading would allow an individual to commit an array of forcible acts against federal officials performing government functions without criminal consequence. That person could use force to resist federal officials, to oppose them, to impede them, to intimidate them, and to interfere with them—and yet escape the reach of § 111." *Briley*, 770 F.3d at 274; *see Stands Alone*, 11 F.4th at 536 ("We agree with this point.").

All of that said, "[w]hatever daylight lies between the [different] approaches, . . . the practical distinction is not a large one." *Briley*, 770 F.3d at 275. Judge Moss correctly interpreted the term "assault" consistent with its common-law meaning so as to require "'only' an 'intentional

attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so, that places another in reasonable apprehension of immediate bodily harm[.]'" *Cua*, 2023 WL 2162719, a *5; *see, e.g.*, *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted). And the "injury" that need be attempted or threatened need be nothing more than an offensive touch. *See United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the common-law crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility"). Thus, even if the government were required to prove an assault as an element of every Section 111(a) offense, that burden is a minimal one.

### C.  18 U.S.C. § 231 – OBSTRUCTING OFFICERS DURING A CIVIL DISORDER[16]

(18 U.S.C. § 231(a)(3))

Counts Two and Three of the Second Superseding Indictment charge the defendant with obstructing law enforcement officers during a civil disorder, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant knowingly committed an act with the intended purpose of obstructing, impeding, or interfering with the named law enforcement officer.

Second, at the time of the defendant's act, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

Definitions

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

---

[16] *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *United States v. Rupert*, No. 20-cr-104 (D. Minn. Mar. 12, 2021) (ECF No. 81)); 18 U.S.C. § 232; 18 U.S.C. § 6; 5 U.S.C. § 101; 2 U.S.C. §§ 1961, 1967.  For other January 6 trials that have used similar instructions, see, *e.g.*, *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 21-22), *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 15-16), and *United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 17).

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.[17]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[18]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as Congress or the United Sates Capitol Police.[19]

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.[20]

---

[17] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *see also United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 18); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 21).

[18] *See* 18 U.S.C. § 232(3).

[19] *See, e.g., United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force are carried out.' Webster's Third New International Dictionary 1172 (1971).")

[20] *United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 19). *See, e.g.*, Fifth Circuit Pattern Criminal Jury Instruction No. 2.07; Tenth Circuit Pattern Criminal Jury

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  The term "knowingly" has the same meaning described in the instructions for Count One.

## D.  18 U.S.C. § 1752 OFFENSES

## ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS

(18 U.S.C. § 1752(a)(1))

Count Six of the Second Superseding Indictment charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

---

Instruction No. 2.09; Eleventh Circuit Pattern Criminal Jury Instruction No. O1.1; *United States v. Smith*, 743 F. App'x 943, 949 (11th Cir. 2018) ("Furthermore, the district court instructed the jury regarding the Task Force's duties, stating: 'A member of the U.S. Marshals Regional Fugitive Task Force is a Federal officer and has the official duty to locate and apprehend fugitives.'"); *United States v. Green*, 927 F.2d 1005, 1008 (7th Cir. 1991) ("Given the sweep of the phrase 'official duties,' the district court did not err in instructing the jury that the duties of a federal prison employee, even a food service worker, extend to 'safekeeping, protection and discipline.'"); *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) ("The instruction states only that the activity of looking for a suspect is official conduct. We find no error in the district court's instruction characterizing this aspect of the marshals' conduct as official duty."); *United States v. Ellsworth*, 647 F.2d 957, 963 (9th Cir. 1981) ("'Instruction No. 10. Among the official duties of officers and agents of the United States Geological Service of the United States Interior Department are inspections of oil drilling apparatus to insure compliance with various Federal laws.' We think the above language of the charge employed by the trial judge reveals no insufficiency in defining the offense.").

Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.   In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived. The term "knowingly" has the same meaning described in the instructions for Counts One, Two, and Three.

### DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING[21]

(18 U.S.C. § 1752(a)(2))

Count Seven of the Second Superseding Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

---

[21] 18 U.S.C. § 1752.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

<u>Definitions</u>

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances or interferes with another person by jostling against or unnecessarily crowding that person. "Disorderly conduct" is that which "tends to disturb the public peace, offend public morals, or undermine public safety." *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24).

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[22]

## ENGAGING IN PHYSICAL VIOLENCE IN A RESTRICTED BUILDING OR GROUNDS[23]

### (18 U.S.C. § 1752(a)(4))

Count Eight of the Second Superseding Indictment charges the defendant with engaging in physical violence in a restricted building or grounds, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence against a person in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

---

[22] Redbook 6.643.
[23] *United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 30).

Definitions

The term "act of physical violence" means any act involving an assault or other infliction of bodily harm on an individual; or damage to, or destruction of, real or personal property.

## E.  40 U.S.C. § 5104(e)(2) OFFENSES

### DISORDERLY CONDUCT IN A CAPITOL BUILDING OR GROUNDS[24]

40 U.S.C. § 5104(e)(2)(D)

Count Nine of the Second Superseding Indictment charges the defendant with disorderly and disruptive conduct in a Capitol Building or Grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

Definitions

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

---

[24] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Jenkins*, No. 21-cr-245 (APM) (ECF No. 78 at 31); *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 40); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40).

The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia. The boundaries of the Capitol Grounds include all additions added by law after that map was recorded.

The term "House of Congress" means the United States Senate or the United States House of Representatives.

"Disorderly conduct" and "disruptive conduct" have the same meaning described in the instructions for Count Seven. For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.[25]

The term "knowingly" has the same meaning described in the instructions for Counts One, Two, Three, and Six.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. While the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated.

**ACT OF PHYSICAL VIOLENCE AT THE CAPITOL BUILDING OR GROUNDS[26]**

40 U.S.C. § 5104(e)(2)(F)

Count Ten of the Second Superseding Indictment charges the defendant with an act of physical violence in the Capitol Building or Grounds, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

---

[25] *See United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 17).
[26] *United States v. Alberts*, No. 21-cr-26 (CRC) (ECF No. 147 at 20).

18

First, the defendant engaged in an act of physical violence within the Capitol Buildings or Grounds.

Second, the defendant acted willfully and knowingly.

<u>Definitions</u>

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual; or involving damage to, or destruction of, real or personal property. For purposes of this offense, the threat of infliction of bodily harm is sufficient to meet this definition.

The terms "Capitol Buildings" and "Capitol Grounds" have the same meaning described in the instructions for Count Nine. The terms "knowingly" and "willfully" have the same meaning described in the instructions for Counts One, Two, Three, Six, and Nine.

## PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING[27]
### 40 U.S.C. § 5104(e)(2)(G)

Count Eleven of the Second Superseding Indictment charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

Second, the defendant acted willfully and knowingly.

---

[27] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 42); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40).

Definitions

The terms "parade" and "picket" have their ordinary meanings.  The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[28]

The term "Capitol Buildings" has the same meaning described in the instructions for Count Nine. The terms "knowingly" and "willfully" have the same meaning described in the instructions for Counts One, Two, Three, Six, Nine, and Ten.

[signature pages follow]

---

[28] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *see also Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).

Respectfully submitted,

DATED: June 7, 2023

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     /s/ *Laura Hill*
        LAURA E. HILL
        Trial Attorney
        NV Bar No. 13894
        Trial Attorney, Detailee
        175 N Street, NE, 9th Floor
        Washington, D.C. 20002
        (202) 514-7900
        Laura.e.hill@usdoj.gov

        JULIE BESSLER
        Assistant United States Attorney
        601 D Street, NW
        Washington, DC 200001
        (202) 809-1747
        Julie.bessler@usdoj.gov

        *Attorneys for the United States*

        MICHAEL CARUSO
        FEDERAL PUBLIC DEFENDER

By:     /s/ *Eric Cohen*
        Eric M. Cohen
        Assistant Federal Public Defender
        Florida Bar No. 328065
        150 West Flagler Street, Suite 1700
        Miami, Florida 33130-1556
        Tel: 305-530-7000/Fax: 305-536-4559
        E-Mail Address: Eric_Cohen@fd.org

        /s/ *Kristy Militello*
        Kristy Militello
        Assistant Federal Public Defender
        Attorney for Defendant
        Florida Bar No. 0056366
        250 South Australian Avenue
        Suite 400

21

West Palm Beach, Florida 33401
Tel: 561-833-6288
Email: Kristy_Militello@fd.org

*Attorneys for Richard Harris*