**ATTACHMENT A: DEFENDANT'S OBJECTIONS TO PROPOSED LEGAL INSTRUCTIONS**

I.     **Mr. Harris objects to the government's proposed instruction on Count One of the Indictment.**

First, the defense objects to the government's proposed instruction for the substantive offense. Second, the defense objects to an aiding-and-abetting instruction.   The defense proposes the following substitute instruction:

COUNT ONE
Obstruction of an Official Proceeding
(Violation of 18 U.S.C. § 1512(c)(2))

Count One of the Indictment charges the defendant with corruptly obstructing or attempting to obstruct an official proceeding, in particular, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution and 3 U.S.C. § 15.   Count One also charges the defendant with aiding and abetting others to commit that offense.

Elements: In order for the defendant to be found guilty of corruptly obstructing an official proceeding, the government must prove each of the following two elements beyond a reasonable doubt:

*First*: the defendant obstructed or impeded an official proceeding.[1]

---

[1] The defense does not object to the government's proposed definition for this first element.

*Second*: the defendant corruptly intended to obstruct or impede the official proceeding.

<u>Definitions</u>: For the second element, the government must prove that the defendant acted corruptly—that is, he acted with an improper purpose and that he engaged in conduct knowingly and dishonestly with the specific intent to subvert, impede, or obstruct the official proceeding.

**A.  <u>Mr. Harris objects to the government's proposed elements and definitions for § 1512(c)(2)</u>**

Federal Circuit Courts have routinely applied Mr. Harris's proposed definition for corruptly intended.  *See, e.g., United States v. Maury*, 695 F.3d 227, 262 (3d Cir. 2012) (on obstruction of justice charges, trial court explained that a guilty verdict was appropriate only if the jury found that the defendants had acted "knowingly and dishonestly," "with specific intent to subvert or undermine" a federal investigation); *United States v. Bedoy*, 827 F.3d 495, 510 (5th Cir. 2016) (a person acts "corruptly" when they act "knowingly and dishonestly with the specific intent to obstruct, influence, or impede a federal official proceeding"); *United States v. Delgado*, 984 F.3d 435, 452 (5th Cir. 2021) (stating the same); *United States v. Gordon*, 710 F.3d 1124 (10th Cir. 2013) ("[a]cting corruptly within the meaning of § 1512(c)(2) means acting with an improper purpose and to engage in conduct knowingly and dishonestly with the specific intent to subvert, impede or obstruct"); *United States v. Mintmire*, 507 F.3d 1273, 1289 (11th Cir. 2007) ("the trial court properly instructed the jury that the Government was required to prove the following: (1) there was an official proceeding taking place"; (2) the defendant "engaged in conduct which constituted a substantial step toward the commission of the crime of obstruction of an official proceeding;" (3) the defendant "acted corruptly, *i.e.*, 'with an improper purpose and to engage in

conduct knowingly and dishonestly with the specific intent to subvert, impede or obstruct" the official proceeding; and (4) "the natural and probable effect of" the defendant's conduct would be the interference with the due administration of justice").

This proposed definition helps to insulate against the vagueness issues raised Mr. Harris's motion to dismiss,[2] and it comports with both the dictionary definition and the ordinary, commonsense, everyday meaning of the word "corruptly." The Cambridge English Dictionary, for example, defines corruptly, as: "in a way that dishonestly uses your position or power to get an advantage, especially for money." *See* "*Corruptly*", Cambridge English Dictionary, dictionary.cambridge.org/us/dictionary/English/corruptly (last accessed June 7, 2023). This definition is consistent with the commonsense meaning of the word corruptly, which reasonable readers understand to refer to dishonest conduct, often that which is committed for personal gain by someone in a position of power. Indeed, the statute has typically been applied to people in a position of power who have abused their authority and done so dishonestly. *See, e.g., United States v. Poindexter*, 851 F.2d 369 (D.C. Cir. 1991) (prosecution of National Security Advisor arising from, among other things, false statements to Congress); *United States v. Aguilar*, 515 U.S. 593 (1995) (prosecution of federal judge for false statements to FBI agents); *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005) (prosecution of Enron Corporation's auditor for destruction of documents amid pending investigations).

---

[2] Mr. Harris does not concede that this definition would cure the vagueness problems with the statute, but rather preserves his prior arguments regarding facial and as-applied vagueness.

**B.  Mr. Harris objects to the proposed aiding-and-abetting instruction.**

Mr. Harris objects to the aiding-and-abetting instruction being given because he did not join anyone else to commit any offense.  At most, he acted independently.   The government's evidence therefore does not support an aiding-and-abetting instruction.

If this Court is inclined to give the aiding-and-abetting instruction, Mr. Harris proposes the following substitute definition:

Aiding and Abetting
(Violation of 18 U.S.C. § 2)

It is possible to prove the defendant guilty of a crime even without evidence that the defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent."  Or it may be done by acting with or under the direction of others.

A defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person.  A defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a defendant is criminally responsible for the acts of another person requires proof that the defendant intentionally associated with or participated in the crime – not just proof that the

defendant was simply present at the scene of a crime or knew about

it.

In other words, the government must prove beyond a

reasonable doubt that the defendant was a willful participant and not

merely a knowing spectator. [3]

## II.   Mr. Harris objects to the government's proposed instructions for Counts Four and Five

Mr. Harris objects on several grounds to the government's proposed instruction for Counts

Four and Five.

### A.   **Mr. Harris objects to the government's definition of the word "forcibly" for Counts Four and Five.**

Mere contact is insufficient to satisfy the definition of the word "forcibly."  Mr. Harris

therefore objects to the government's proposed instruction that "physical force or contact is

sufficient" to satisfy the definition of the word "forcibly."  Mr. Harris proposes the following

substitute definition for the word "forcibly":

A person acts "forcibly" if he uses force, attempts to use force, or

threatens to use force against the officer.  A threat to use force at

some unspecified time in the future is not sufficient to establish that

a defendant acted forcibly.  Not all failures to cooperate with federal

---

[3] *See* Eleventh Circuit Criminal Pattern Jury Instructions, S7: Aiding and Abetting; Agency, 18
U.S.C. § 2 (2016 ed.).

agents are within § 111's prohibition.  Some measure of presently

applied force is required.[4]  Physical intimidation is not enough.[5]

**B.  <u>Mr. Harris objects to the government's definition of the word "assault" for Counts Four and Five.</u>**

Mr. Harris further objects to the government's proposed instruction that "a touching offensive to a person of reasonable sensibility" satisfies the definition of an assault.  This proposed definition contradicts and undermines much of the prior statements in the government's proposed instructions requiring that the defendant intentionally attempts to cause injury, and it is an incorrect statement of the law in the District of Columbia Circuit.

The District of Columbia Circuit in *United States v. Duran*, 96 F.3d 1495, 1509 (D.C. Cir. 1996), adopted the following definition of assault: "A person is guilty of [simple] assault if he: (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon; or (c) attempts by physical menace to put other in fear of imminent serious bodily injury."  *Id.* (citing Model Penal Code § 211.1 (1985)).  *See also* Model Penal Code § 211.1 (2022) (stating the same definition).

The government now suggests that offensive touching is sufficient to satisfy the definition of "injury" contained in this assault definition.   But this is inconsistent with the widely accepted definition of "bodily injury," contained in the Model Penal Code, which the D.C. Circuit has relied upon in defining assault.  *See* Model Penal Code § 210.0 (defining "bodily injury" as "physical pain, illness or any impairment of physical condition" and "serious bodily injury" as that "which

---

[4] *See United States v. Joshua Christopher Doolin, et. al.,* No. 21-cr-447 (CJN), D.E. 192 (D.D.C. Nov. 16, 2022).

[5] *See United States v. Harrison,* 585 F.3d 1155, 1160 (9th Cir. 2009) (rejecting trial instruction that defined force "by equating it with physical intimidation" and reasoning that such intimidation "need not involve use of force").

creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ"). The government's proposed definition, with respect to "offensive touching," relies only on out-of-Circuit case law and does not reflect the prevailing view.

### C. Mr. Harris objects to the government's proposed instructions for Counts Four and Five because the statute requires the government in all cases to prove that an assault occurred.

Mr. Harris agrees with the government that the decision in *United States v. Cua*, No. 21-107-RDM, 2023 WL 2162719 (D.D.C. Feb. 22, 2023), does not correctly interpret § 111(a)(1). Unlike the government, however, Mr. Harris asserts that all categories of violations established by § 111(a) require the government to prove assault, rather than just two of them as *Cua* held. Two Circuits have adopted this approach, and Mr. Harris asks this Court to adopt it as well. *See United States v. Chapman*, 528 F.3d 1215 (9th Cir. 2008); *United States v. Wolfname*, 835 F.3d 1214, 1218 (10th Cir. 2016). To win a § 111(a)(1) conviction under any of the categories, the government must at a minimum prove simple assault.

The Court in *Cua* correctly recognized that there are redundancies in the statute. But the rule against superfluity is not absolute: "The principle is sound, but its limitation ("if possible") must be observed." *Moskal vs. United States*, 498 U.S. 103, 120 (1990) (Scalia, J., dissenting). Observation of that limitation is appropriate here due to the phrasing of the felony provision contained in § 111(a). Subsection(a) creates a misdemeanor "where *the acts* in violation of this section constitute *only* simple assault," but a felony offense where "*such acts* involve physical contact with the victim of *that assault* or the attempt to commit another felony." (Emphasis added.) The use of the term "only" and the referring back to "that assault" suggest that the baseline for a § 111(a)(1) violation is simple assault, and the felony provisions expand—but do not eliminate—the conduct that the government must prove to support a felony conviction.

Legislative history also confirms this result.  In 2008, Congress amended § 111(a), which previously provided that defendants "shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and *in all other cases*, be fined under this title or imprisoned not more than three years."  *See United States v. Hathaway*, 318 F.3d 1001, 1004 (10th Cir. 2003) (quoting the prior version of the statute) (emphasis added). The Tenth Circuit in *Hathaway* had defined "all-other-cases" assault under § 111(a) to include "***any assault*** that involves actual physical contact or the intent to commit murder or any felony other than those referred to in § 113(a)(2) [assaults within maritime or territorial jurisdiction], but does not involve a deadly or dangerous weapon or bodily injury." *Id*. at 1008-1009 (emphasis added).  In the Tenth Circuit's view in *Hathaway*, the statute's felony provision referring to "all other cases" required both an assault as well as either (a) physical contact or (b) the intent to commit another felony.

In modifying the statute, Congress adopted the definition of "all other cases" contained in *Hathaway*, but otherwise did not change the statute in any way.   Congress could have used this amendment to correct *Hathaway*'s holding that "all other cases" requires assault in *addition* to something else—either physical contact or the intent to commit another felony.  Instead, Congress adopted *Hathaway*'s approach.  *See, e.g. Wolfname*, 835 F.3d at 1220 ("the 2008 amendment didn't controvert our holding in *Hathaway*; instead, it effectively codified it").   And *Hathaway* made clear, as both the Tenth and Ninth Circuit have recognized, that "assault is an element of any § 111(a)(1) offense." *Id*.  *See also id.* ("Because a § 111(a)(1) conviction for resisting, opposing, impeding, intimidating, or interfering must fall into one of these two categories [simple assault or all other cases, as defined in *Hathaway*], a conviction for any of these acts necessarily involves— at a minimum—simple assault.  Accordingly, assault is necessarily an element of any § 111(a)(1)

conviction under *Hathaway*."); *United States v. Chapman*, 528 F.3d at 1219 ("Congress's recent amendment to the statute adopted this approach).

As the Ninth Circuit pointed out in *Chapman*, any other approach creates an absurd result. "A protester who resisted arrest by merely standing still would be guilty of a felony punishable by up to eight years imprisonment, whereas an individual who attempted to punch an arresting officer could be guilty only of a misdemeanor, so long as the attempted physical contact was unsuccessful." *Id*. at 1220. "[I]n cases of simple assault, the government would have the perverse incentive to omit 'assault' from the indictment and charge the defendant only with 'resistance' or 'opposition,' thereby elevating the criminal conduct from a misdemeanor to a felony." *Id*.

Finally, reading the statute to cover non-assaultive conduct would yield unworkable results. The court in *Chapman* explained that "mere resistance" is not punishable under §111(a)(1) in part because there is no "meaningful way to distinguish between those cases of 'resistance' that would be punishable as misdemeanors and those that would be punishable as felonies." *Id*. at 1221. As the court there reasoned: "If Congress had intended to prohibit both assaultive and non-assaultive conduct and distinguish between misdemeanors and felonies based solely on physical contact, it easily could have said so. The use of the term 'simple assault' as shorthand for the physical contact rule only makes sense when describing *assaults*." *Id*. (noting that this is "especially true in light of the recent statutory amendments, which use the word 'assault' in the description of both misdemeanors *and* felonies") (emphases in original).

Mr. Harris therefore asks this Court to adopt a legal instruction that requires, at a minimum, simple assault to prove a violation of § 111(a)(1).