UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CRIM. NO. 21-00189 (CJN)

UNITED STATES OF AMERICA,
        Plaintiff,

v.

RICHARD L. HARRIS,
        Defendant.
_____/

## DEFENDANT RICHARD HARRIS'S NOTICE OF ARGUMENTS IN SUPPORT OF RELEASE ON BOND PENDING SENTENCING HEARING

Defendant Richard Harris, though undersigned counsel and pursuant to 18 U.S.C. §§ 3143(a)(1)-(2) and 3145(c), hereby gives notice of arguments he plans to raise at the June 21, 2023, telephonic hearing regarding his bond status pending sentencing. Mr. Harris was convicted after a bench trial of 11 counts comprising both felonies and misdemeanors. After this Court announced its verdict, the government moved for pre-sentencing detention under 18 U.S.C. § 3143(a)(2), on the theory that Mr. Harris's misdemeanor conviction for engaging in physical violence in any restricted building, in violation of 18 U.S.C. § 1752(a)(4), is an offense described in § 3142(f)(1)(A). At the meet-and-confer with defense counsel on June 20, 2023, the government reiterated its position that the § 1752(a)(4) conviction alone subjects Mr. Harris to the terms of § 3143(a)(2).

**I.    Mr. Harris is entitled to release under 18 U.S.C. § 3143(a)(1).**

As an initial matter, if the question of bond status is determined under § 3143(a)(1), Mr. Harris is entitled to release on bond. As this Court recognized after

1

the verdict, Mr. Harris's past two years of good behavior and his complete compliance with the conditions of pretrial release establish by clear and convincing evidence that he is neither a danger to the community nor a flight risk. *See United States v. Moreno*, 2021 WL 4592820, at *3 (N.D. Tex. October 6, 2021).

## II. Mr. Harris's bond status should be determined under § 3143(a)(1) because he was not convicted of any crime described in § 3142(f)(1)(A)-(C).

The government moved for detention here because, in its view, Mr. Harris's misdemeanor conviction of 18 U.S.C. § 1752(a)(4) is an "offense in a case described in subparagraph (A) . . . of subsection (f)(1) of section 3142." 18 U.S.C. § 3143(a)(2). The plain text of § 3142(f)(1)(A), however, refers only to offenses that are crimes of violence for which a maximum term of 10 years or more is prescribed. *See* § 3142(f)(1)(A) (referring to cases that involve "*a crime of violence*, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) *for which a maximum term of imprisonment of 10 years or more is prescribed*") (emphasis added).

In drafting § 3143(a)(2), Congress did not refer to all the subsections of (f)(1) but rather only to (A), (B), and (C). This was not accidental: In determining what offenses qualify, Congress opted to include only certain serious offenses that also carry long prison sentences. Meanwhile, Congress chose to leave out the only two subsections of § 3142(f)(1) that do not refer to maximum terms of incarceration—that is, subsections (f)(1)(D) and (f)(1)(E).

Section 1752(a)(4) is punishable by at most only a year. It therefore is not covered under the plain text of § 3142(f)(1)(A). Moreover, § 1752(a)(4) is a

misdemeanor, and misdemeanors cannot be crimes of violence. While the definition of "crime of violence" in 18 U.S.C. § 3156(a)(4), does not explicitly limit crimes of violence to felonies for purposes of the Bail Reform Act, this only underscores Mr. Harris's argument that § 3142(f)(1)(A) itself covers only crimes of violence *for which a maximum term of imprisonment of 10 years or more is prescribed*. After all, other references to "crimes of violence" elsewhere in our legal system make clear that such crimes are felonies. *See, e.g.* 18 U.S.C. 924 (c)(3) ("for purposes of this subsection the term 'crime of violence' means an offense that is a felony"); U.S.S.G. § 4B1.2 (defining "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," that meets certain other criteria). The only reason for Congress to not include such a limitation here is because an even *greater* limitation already exists elsewhere in the statutory scheme—that is, in the text of § 3142(f)(1)(A). Congress therefore did not need to be redundant in drafting the definition of "crime of violence" in § 3156(a)(4).

As this Court previously noted, reading § 3143(a)(2) to cover misdemeanors would yield a highly anomalous result. People convicted of certain misdemeanors would be subject to § 3143(a)(2) while people facing decades in prison could have their bond status determined under § 3142(a)(1). Reading the statute in this manner would violate the absurdity canon. *See United States v. Wilson*, 290 F.3d 347, 361 (D.C. Cir. 2002) (in interpreting a statute, absurd results are strongly disfavored) (citing *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982)); *United States*

3

*v. Brown*, 333 U.S. 18, 27 (1948) ("[n]o rule of construction necessitates our acceptance of an interpretation resulting in patently absurd consequences").

### III. Even if this Court finds that Mr. Harris's misdemeanor conviction for engaging in physical violence subjects him to the provisions of § 3143(a)(2), Mr. Harris can demonstrate "exceptional reasons" that warrant release under 18 U.S.C. § 3145(c).

Section 3145(c) provides that a person subject to detention under 3143(a)(2) who does not pose a danger or a flight risk "may be ordered released, under appropriate conditions, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." *United States v. Briggs*, 577 F. Supp. 2d 435, 437 (D.D.C. 2008). *See United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) (test under § 3145(c) is a flexible one and district courts have "wide latitude" in determining exceptional circumstances); *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003), *accord United States v. Harris*, 451 F. Supp. 3d 64, 71 (D.D.C. 2020) ("Congress placed broad discretion in the district court to consider all the particular circumstances of the case before it and draw upon its broad experience with the mainsprings of human conduct").

Here, Mr. Harris can demonstrate exceptional circumstances because he has several good-faith legal arguments that he plans to raise on appeal challenging the validity of his most serious counts of conviction. *See United States v. DiSomma*, 951 F.2d 494, 497 ("an unusual legal or factual question can be sufficient," as can "a merely substantial question . . . in the presence of one or more remarkable and uncommon factors, to support a finding of exceptional reasons"). These arguments include questions of first impression in this Circuit, as well as a question that has

4

resulted in a highly fractured opinion in the District of Columbia Circuit.[1] *See United States v. Garcia*, 340 F.3d 1013, 1020-21 (9th Cir. 2003) (if "one or more issues raised on appeal has not previously been decided by the court to which the petitioner will appeal, that may, in at least some cases, also weigh in favor of finding exceptional reasons"). If these arguments are successful, Mr. Harris will be facing substantially less incarceration time—so much so that detaining him at this point could risk forcing him to overserve the sentence ultimately imposed. *See United States v. Banta*, 165 F. R. D. 102, 104 (D. Utah 1997) ("the possibility defendant may serve the imposed sentence of confinement before resolution of his appeal provides an 'exceptional reason' for release under 18 U.S.C. § 3145(c)").

## IV. Conclusion

For the reasons stated above, Mr. Harris asks this Court to allow him to remain on bond with all conditions of his pretrial release still in place.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER
SOUTHERN DISTRICT OF FLORIDA

BY:  s/ *Eric M. Cohen*
Eric M. Cohen
Assistant Federal Public Defender
Florida Bar No. 328065
150 West Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel:  305-530-7000/Fax:  305-536-4559
E-Mail Address: Eric_Cohen@fd.org

---

[1] *See United States v. Fischer*, 64 F.4th 329, No. 22-3038 (D.C. Circuit 2023) (issuance of the mandate stayed pending final disposition of cert petition, *see* Order of June 13, 2023).

*s/Kristy Militello*
Kristy Militello
Assistant Federal Public Defender
Florida Bar No. 0056366
450 South Australian Avenue, Suite 500
West Palm Beach, Florida 33401
Tel: 561-833-6288
Email: Kristy_Militello@fd.org


s/ *Jenny Wilson*
Jenny Wilson
Assistant Federal Public Defender
Florida Bar No. 1031758
150 West Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel:   305-530-7000/Fax:   305-536-4559
E-Mail Address: jenny_wilson@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day of all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


s/Jenny Wilson
Jenny Wilson