**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **Case No.:  1:21-CR-00189-CJN** |
| **RICHARD HARRIS,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT HARRIS' ARGUMENTS IN
SUPPORT OF RELEASE PENDING SENTENCING**

Defendant Richard Harris is required to be detained pending sentencing per 18 U.S.C.
§ 3143(a)(2).

On June 14, 2021, the Court convicted Harris of 11 counts, including 18 U.S.C.
§§ 1512(c)(2), 111(a)(1), 231(a)(3), and 1752(a)(4).  After the verdict, the government notified the
Court of the requirement to detain Harris pending sentencing, per 18 U.S.C. § 3143(a)(2).  The
government did not move for Harris to be detained, because under the statute, no such motion is
required to trigger the mandatory detention provision.

**I.      Section 3143(a)(2) requires Defendant Harris detained pending sentencing.**

Under 18 U.S.C. § 3143(a)(2), a court must detain pending sentencing a "person who has
been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection
(f)(1) of section 3142."  Section 3142(f)(1)(A) defines such an offense as "a crime of violence, a
violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum
term of imprisonment of 10 years or more is prescribed[.]"

A crime of violence, as referenced in Section 3142(f)(1)(A), is, in turn, defined in 18 U.S.C.
§ 3156(a)(4) as:

(A) an offense that has as an element of the offense the use, attempted use, or
threatened use of physical force against the person or property of another;

1

(B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or

(C) any felony under chapter 77, 109A, 110, or 117[.]

Section 1752(a)(4) is a crime of violence under 3142(f)(1)(A) and 3156(a)(4)(A). Section 1752(a)(4) makes it a crime to "knowingly engage[] in any act of physical violence against any person or property in any restricted building or grounds." *See United States v. Pascacio-Rodriguez*, 749 F.3d 353, 362, n.43 (5th Cir. 2014). This offense includes as an element "the use . . . of physical force against the person or property of another[.]" *See* 18 U.S.C. § 3156(a)(4)(A).

## II.    A crime of violence does not require "a maximum term of imprisonment of 10 years or more."

Under 18 U.S.C. § 3142(f)(1)(A), crimes of violence are not limited to those "for which a maximum term of imprisonment of 10 years or more is prescribed." On this point, the reasoning in *United States v. Santoro*, 359 F. Supp. 3d 122 (D. Me. 2019), is persuasive. In *Santoro*, the court held "that the [ten-year] limitation at the end of the list does not apply to the first category in the list, a crime of violence." In reaching this conclusion, the court looked to the reasoning in *Lockhart v. United*, 136 S. Ct. 958 (2016). *Id*. at 124. The statute at issue in *Lockhart* also listed three categories, and the third category contained a limiting phrase, similar to Section 3142(f)(1)(A). *Id*. In that case, the Court:

> Held that the limiting phrase modified only 'the antecedent immediately preceding it.' It explained that when a statute 'include[s] a list of terms or phrases followed by a limiting clause, we have typically applied an interpretive strategy called the 'rule of the last antecedent.' Under that rule, the limiting phrase ordinarily modifies only the phrase immediately preceding it.

*Id*. The court in *Santoro* noted that this rule is not absolute and that a second canon, the "series qualifier," is sometimes used to apply a limiting phrase to each category in a list. *Id*. at 124-25. But the series qualifier canon is applied only when the limiting factor can be applied, logically, to

2

each category. *Id.* at 125. Here, under Section 3142(f)(1)(A), the ten-year limitation would be inapplicable to the second category in the list – violations of 1591 – because those offenses all have penalties over 10 years. *Id*. at 125. Thus, the rule of the last antecedent, rather than the series qualifier cannon, should govern application of the ten-year limitation in Section 3142(f)(1)(A).

Further, the court in *Santoro* found that the statute's history did not support application of the ten-year limitation to the crime of violence category. *Id*. Prior to December 2004, Section 3142(f)(1)(A) referred only to crimes of violence; it did not refer to offenses under Sections 1591 or 2332b(g)(5)(B), nor did it include a prison time limitation. *Id*. "Nothing in later amendments shows that in enlarging the mandatory detention list Congress was trying to narrow the crimes of violence category." *Id*.

In finding that the ten-year limitation in Section 3142(f)(1)(A) does not apply to "crime of violence," the *Santoro* court noted its split with other district courts. *Santoro*, 359 F.Supp.3d at 125-26 (citing *United States v. Persico*, No. 10-r-147, 2017 WL 3669554, at *3 (E.D.N.Y. Aug. 23, 2017); *United States v. Baldazo*, No. 11-cr-77, 2012 WL 12947283, at *1 (N.D. Ind. Apr. 19, 2012); *United States v. Madoff*, 586 F.Supp.2d 240, 247 (S.D.N.Y. 2009); *United States v. Chavez-Rivas*, 536 F.Supp.2d 962, 965-66 (E.D. Wis. 2008)).

Finally, the defendant is incorrect to argue that "other references to 'crimes of violence' elsewhere in our legal system make clear that such crimes are felonies." ECF 71 at 3. To the contrary, the general definition of "crime of violence," found at 18 U.S.C. § 16, is not so limited. This general definition provides that "[t]he term 'crime of violence' means—(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. § 16. Only in subsection (b) does that statute *also* provide an additional definition of a crime of violence to mean "any other offense that is a felony" and meets

certain other criteria.  Thus, under Section 16, to satisfy the definition in subsection (a), an "offense" need not be a felony.

### III.     Defendant Harris has not provided any "exceptional reasons" to warrant his continued release.

Defendant has failed to provide any "exceptional reasons" that would require he remain released pending sentencing.  The applicable statute, 18 U.S.C. § 3145(c), provides:

> [a] person subject to detention pursuant to section 3143(a)(2) . . . , and who meets the conditions of release set forth in section 3143(a)(1) . . . , may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

Section 3145(c) permits the Court to release "under appropriate conditions" persons who satisfy three criteria.  First, the defendant must be a person who is "subject to detention pursuant to section 3143(a)(2)"; second, the defendant must "meet[] the conditions of release set forth in section 3143(a)(1)"; and third, the defendant must "clearly show[] that there are exceptional reasons why [his] detention would not be appropriate."  *United States v. Wiggins*, 613 F. Supp. 3d 348, 354 (D.D.C. 2020).

Harris meets the first prong of this test and, *assuming arguendo* that he meets the second, he still fails the third.  He has failed to provide any "exceptional reasons why his detention would not be appropriate," *id.*  Proving "exceptional reasons" is a high burden, requiring circumstances "clearly out of the ordinary, uncommon, or rare."  *United States v. Sharp*, 57 F.Supp.2d 462, 464 (D.D.C. 2007) (quoting *United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993)).  This court has held that the COVID-19 pandemic was not an exceptional reason, *Wiggins*, 613 F.Supp.3d at 350-51; that participation in an outside treatment program was not an exceptional reason, *United States v. Sharp*, 517 F.Supp.2d 462 (D.D.C. 2007); and that the reversal of a conviction by the Court of

Appeals for the District of Columbia was not an exceptional reason after the Supreme Court granted certiorari, *United States v. Jones*, 800 F.Supp.2d 90 (D.D.C. 2011).

Harris' Notice refers to vague "good-faith legal arguments" that he plans to raise on appeal, but he fails to provide details of these arguments, other than to state the issues on appeal would involve questions of first impression.  ECF 71 at 4, 5.

In any event, Harris can raise this argument again post-sentencing.  Under Section 3143(b)(1), the defendant can seek release pending appeal but must show, among other things, "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." So, once he is sentenced, if the defendant thinks he can identify "a substantial question of law" regarding some of the counts of conviction that would, if successful, "likely" result in a reduced sentence shorter than the expected duration of the appeal process, he can move for release pending appeal post-sentencing.

<div style="margin-left:40%">

Respectfully submitted,

</div>

DATED: June 20, 2023

<div style="margin-left:40%">

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  */s/ Laura E. Hill*
LAURA E. HILL
NV Bar No. 13894
Trial Attorney, Detailee
175 N Street, NE, 9th Floor
Washington, D.C. 20002
(202) 514-7900
Laura.e.hill@usdoj.gov

Julie Bessler
PA Bar No. 328887
Assistant United States Attorney

</div>

United States Attorney's Office
601 D Street N.W.
Washington, D.C. 20001
Telephone: 202-809-1747
Julie.Bessler@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

On this 20th day of June 2023, a copy of the foregoing was served upon all parties listed

on the Electronic Case Filing (ECF) System.

By:    */s/ Laura E. Hill*
LAURA E. HILL
NV Bar No. 13894
Trial Attorney, Detailee
175 N Street, NE, 9th Floor
Washington, D.C. 20002
(202) 514-7900
Laura.e.hill@usdoj.gov