UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CRIM. NO. 21-00189 (CJN)

UNITED STATES OF AMERICA,
                    Plaintiff,

v.

RICHARD L. HARRIS,
                    Defendant.
_____/

### DEFENDANT RICHARD HARRIS'S NOTICE IN RESPONSE TO NOTICE

Defendant Richard Harris hereby gives notice of the following arguments in support of his release on bond pending sentencing. *See* ECF No. 71. Mr. Harris files this notice to address questions raised by the Court at the telephonic hearing held on June 21, 2023, and to respond to the government's "Notice Regarding 18 U.S.C. § 2332b(g)(5)" filed June 21, 2023. *See* ECF No. 73.

### I.    The government's proposed reading of 18 U.S.C. § 3142(f)(1)(A) renders the statute internally inconsistent.

The government in its filing identifies several offenses that are purportedly exempt from § 3142(f)(1)(A)'s coverage based on the 10-year limitation that in the government's view only applies to § 2332b(g)(5)(B). But a closer look at the offenses identified in the government's filing reveals that many of these supposedly exempt offenses could nonetheless be deemed crimes of violence under subsection (f)(1)(A) if the government's reading of the statute is correct. It would make no sense for Congress to exclude from subsection (f)(1)(A)'s coverage certain § 2332b(g)(5)(B) offenses, only to include them elsewhere as crimes of violence. The offenses identified

thus indicate that the government's reading would either render the 10-year limitation meaningless or at least would create significant statutory ambiguity. Consider the following examples:

Section 32(c) the first offense identified in the government's filing, *see* ECF No. 73 at 1, makes it illegal to threaten to violate several provisions of § 32(a)-(b)—most of which themselves require use of force or attempted force as an element.[1]  Say a defendant violates § 32(c) by threatening to violate § 32(a)(6), which punishes anyone who performs an act of violence against or incapacitates any individual on any such aircraft, if such act of violence or incapacitation is likely to endanger the safety of the aircraft.  Under the government's proposed reading, although that person could be exempt from subsection (f)(1)(A) because the offense is a § 2332b(g)(5)(b) offense punishable by less than ten years, the same defendant would nonetheless be covered under subsection (f)(1)(A) because the offense is still a crime of violence as defined in § 3156(a)(4).

The government's other examples fare no better.  A violation of § 1361, which punishes those who "willfully injure" property of the United States, could conceivably fall under the bond statute's definition of crime of violence, *see* § 3156(a)(4); as could

---

[1] *See, e.g.,* § 32(a)(6) (punishing anyone who performs an act of violence against or incapacitates any individual on any such aircraft, if such act of violence or incapacitation is likely to endanger the safety of such aircraft); 32(b)(6) (punishing anyone who "performs an act of violence against any individual on board any civil aircraft registered in a country other than the United States while such aircraft is in fight, if such act is likely to endanger the safety of that aircraft"); § 32(a)(1) (punishing anyone who "sets fire to, damages, destroys, disables, or wrecks" any aircraft); §32(a)(2) (punishing anyone who places or causes to be placed a destructive device or substance in, upon, or in proximity to an aircraft if doing so is likely to endanger the safety of such aircraft); § 32(a)(3) (punishing anyone who sets fire to, damages, destroys, or disables any air navigation facility, or interferes by force or violence with the operation of such facility, if such fire, damaging, destroying, disabling, or interfering is likely to endanger the safety of any such aircraft in flight).

a violation of § 1363, which refers to "willful and malicious" destruction or injury of any structure, conveyance, or other real and personal property. And § 2280(a)(2), the government's final example, would punish someone who threatens to violate § 2280(a)(1)(B)—that is, threatens to "perform[ ] an act of violence against a person on board a ship if that act is likely to endanger the safe navigation of that ship." The government suggests that all these offenses do not fall under subsection (f)(1)(A) pursuant to the § 2332b(g)(5)(B) clause, yet surely would argue that they are all nonetheless covered as crimes of violence.

## II. Courts have routinely applied Mr. Harris's proposed reading of § 3142(f)(1)(A).

Although the Court did not specifically request briefing on this point, Mr. Harris submits the following points in response to arguments raised by the government in its filings.

Courts have routinely applied the ten-year maximum-term limitation in interpreting subsection (f)(1)(A). *See, e.g., United States v. Persico*, 2017 WL 3559554, *3 (E.D.N.Y. Aug. 23, 2017) (despite the fact that crime was "properly is identified as a crime of violence for purposes of the instant motion, the Court agrees with Defendant that this subsection of the statute is inapplicable because the crime's maximum term of imprisonment is less than ten years"); *United States v. Chavez-Rivas*, 536 F. Supp. 2d 962, 965-66 (E.D. Wisc. 2008) (stating the ten-year limitation in subsection (f)(1)(A) applies to crimes of violence); *United States v. Madoff*, 586 F. Supp. 2d 240, 247 (S.D.N.Y. 2009) (same); *United States v. Baldazo*, 2012 WL 12947283, *1 (N.D. Ind. April 19, 2012) (same).

The most natural reading of § 3142(f)(1)(A), as district courts have repeatedly demonstrated, is that the maximum-term limitation applies to all three clauses in the subsection. The fact that Mr. Harris's proposed reading leaves some minor redundancy in the statute does not doom it; rather, it best captures the meaning of the text in accordance with basic principles of construction. The Supreme Court has made clear that its "hesitancy to construe statutes to render language superfluous does not require us to avoid surplusage at all costs." *United States v. Atlantic Research Corp.*, 551 U.S. 128, 137 (2007). "It is appropriate to tolerate a degree of surplusage." *Id.* If Congress wanted to separate out the ten-year limitation and apply it only to § 2332b(g)(5)(B) offenses, it could have done so by including § 2332b(g)(5)(B) offenses in a different subsection of (f)(1). But Congress chose instead to include the language in subsection (f)(1)(A), and it therefore must be read in conjunction with the other listed items. "When there is a straightforward, parallel construction that involves all nouns or verbs in a series," a postpositive modifier like the one used in subsection (f)(1)(A) "normally applies to the entire series." A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 147 (2012). *See, e.g., Lockhart v. United States*, 577 U.S. 347, 362 (2016) (Kagan, J., dissenting) ("Suppose a real estate agent promised to find a client 'a house, a condo, or apartment in New York.' Wouldn't the potential buyer be annoyed if the agent sent him information about condos in Maryland or California?").

Citing the District of Maine decision in *United States Santoro*, 359 F. Supp.3d 122 (D. Maine 2019), the government suggests that legislative history compels its

strained reading of § 3142(f)(1)(A) simply because the 10-year limitation language was added to the statute at the same time Congress enacted the sweeping Intelligence Reform and Terrorism Prevention Act of 2004. "But a statute is a statute, whatever its label," and courts are instructed to go with the "most natural read[ing]" of "the language left in the statute after its amendment." *R.L.C.*, 503 U.S. at 305 n.5 (plurality opn.). *See also id.* at 309 (Scalia, J., concurring) (agreeing that "a statute is a statute" and noting that "no matter how 'authoritative' the history may be," the "only thing that was authoritatively adopted *for sure* was the text of the enactment").

## III.    Conclusion

Mr. Harris asks this Court to find that the plain text of § 3142(f)(1)(A)—when interpreted according to principles of statutory construction, including if necessary the rule of lenity—applies the ten-year limitation to all three items on the list, rather than just the third item. Accordingly, Mr. Harris was not convicted of a crime described in that subsection and his bond status is subject to determination under § 3143(a)(1).

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER
SOUTHERN DISTRICT OF FLORIDA

BY:    s/ *Eric M. Cohen*
Eric M. Cohen
Assistant Federal Public Defender
Florida Bar No. 328065
150 West Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel:  305-530-7000/Fax:  305-536-4559
E-Mail Address: Eric_Cohen@fd.org

s/Kristy Militello
Kristy Militello
Assistant Federal Public Defender
Florida Bar No. 0056366
450 South Australian Avenue, Suite 500
West Palm Beach, Florida  33401
Tel: 561-833-6288
Email: Kristy_Militello@fd.org


s/ Jenny Wilson
Jenny Wilson
Assistant Federal Public Defender
Florida Bar No. 1031758
150 West Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel:  305-530-7000/Fax:  305-536-4559
E-Mail Address: jenny_wilson@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day of all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Jenny Wilson
Jenny Wilson