UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  v.<br><br>RICHARD L. HARRIS,<br><br>    *Defendant*. | Criminal Action No. 1:21-cr-00189 (CJN) |

## ORDER FOR POST-CONVICTION DETENTION

This matter is before the Court on the government's oral motion for Defendant Richard Harris's detention pending sentencing, pursuant to 18 U.S.C. § 3143(a)(2). Section 3143(a)(2) provides for mandatory detention for defendants who have been convicted of offenses set forth in 18 U.S.C. § 3142(f)(1)(A)–(C) and are awaiting sentencing (subject to certain caveats not relevant here). Those qualifying offenses include, in relevant part, "a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed." 18 U.S.C. § 3142(f)(1)(A).

Harris was convicted of eleven counts at trial, including one count of engaging in physical violence in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(4). The government argues that this conviction is a "crime of violence" under section 3142(f)(1)(A). *See* Mem. in Opp'n, ECF No. 72. Harris argues that section 1752(a)(4) is not a "crime of violence" because it is not an offense "for which a maximum term of imprisonment of 10 years or more is prescribed." *See* Notice of Arguments, ECF No. 71 (quoting 18 U.S.C. § 3142(f)(1)(A)). Harris concedes that section 1752(a)(4) would otherwise be a "crime of violence" within the meaning of section 3142(f)(1)(A).

1

The Court agrees with the government.  To start, the limiting clause "for which a maximum term of imprisonment of 10 years or more is prescribed," most naturally read, applies only to the third category of offenses listed in section 3142(f)(1)(A)—those offenses listed in section 2332b(g)(5)(B).  This is in part because the phrase "for which a maximum term of imprisonment of 10 years or more is prescribed" pairs naturally with "an offense" and awkwardly with "a crime" and "a violation."  The "varied syntax of each item in the list makes it hard for the reader to carry the final modifying clause across all three."  *See Lockhart v. United States*, 577 U.S. 347, 352 (2016).  In addition, the phrase "an offense . . . for which" is mirrored in the language of subsections (B) and (C), further supporting this natural reading.  *See* 18 U.S.C. § 3142(f)(1)(B)–(C) ("(B) *an offense for which* the maximum sentence is life imprisonment or death; (C) *an offense for which* a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46" (emphases added)).

Turning to semantic interpretive canons, the Court concludes that the last-antecedent rule applies more aptly than the series-qualifier canon.  *See United States v. Santoro*, 359 F. Supp. 3d 122, 124–25.  After all, applying the limiting clause to all three categories would be at least partially redundant, as all offenses in the second category—violations of section 1591—have maximum sentences of 25 years or life imprisonment.  *See* 18 U.S.C. § 1591.  On the other hand, applying the limiting clause to only the third category results in no redundancies, as at least four of the offenses listed in 2332b(g)(5)(B) have maximum sentences of less than ten years.  *See, e.g.*, 18 U.S.C. § 2332(a)(3) ("if the killing is an involuntary manslaughter . . ., [the defendant shall] be fined under this title or imprisoned not more than three years, or both").

Finally, the statute's history provides some insight and support for the government's position. "Until December 2004, only crimes of violence were referred to in this subsection, and there was no prison time limitation." *Santoro*, 359 F. Supp. 3d at 125. Congress added "or an offense listed in section 2332b(g)(5)(B) [acts of terrorism] for which a maximum term of imprisonment of 10 years or more is prescribed" in 2004, "suggest[ing] that Congress was adding a self-contained new category, not changing the scope of the existing category, crimes of violence." *Id.* In 2008, "Congress added the third category, section 1591 (sex trafficking crimes), where prison terms always exceed 10 years." *Id.* If the limiting clause was meant to apply to both crimes of violence and section 2332b(g)(5)(B) offenses, the logical place to add the section 1591 offenses would have been the end of the list, not the middle. *See id.* All of this is further evidence that the limiting clause does not modify "crime of violence."

Harris alternatively argues that, even if section 3143(a)(2) applies here, he can demonstrate "exceptional reasons" for release under section 3145(c). That statute allows a defendant to "appeal from a release or detention order" on the bases of "exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Harris argues that he can demonstrate exceptional circumstances based on the "several good-faith legal arguments that he plans to raise on appeal challenging the validity of his most serious counts of conviction." *See* Notice of Arguments at 4. As he puts it, "[i]f these arguments are successful, Mr. Harris will be facing substantially less incarceration time—so much so that detaining him at this point could risk forcing him to overserve the sentence ultimately imposed." *Id.* at 5.

The Court disagrees. As an initial matter, this is not an appeal; it is unclear whether this statute has any application here. But the government does not press this argument, and in any event, Harris's reasons are neither germane to his section 1752(a)(4) conviction nor "exceptional."

Post-trial appeals on contested legal questions are an ordinary part of criminal practice. And Harris will be free to make more specific, contextual arguments about whether he should be detained pending appeal at sentencing.

Accordingly, it is hereby

**ORDERED** that Richard Harris be detained pending sentencing pursuant to 18 U.S.C. § 3143(a)(2). Harris must self-surrender to the U.S. Marshal Service in the District of Oregon on or before Monday, June 26, 2023. It is further **ORDERED** that Mr. Harris be housed in the District of Oregon and brought to the District of Columbia not more than three weeks prior to the sentencing date of September 27, 2023.

It is **SO ORDERED**.

DATE:  June 23, 2023

                                            CARL J. NICHOLS
                                            United States District Judge